United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 27, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-10205
Summary Calendar

_____

DON WAYNE BASEY,

Plaintiff-Appellant,

versus

JAMES D. MOONEYHAM; TINA VITOLO;
RICAHRD WATHEN; VIKKI WRIGHT; DANNY HORTON,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:05-CV-6-R
--------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Don Wayne Basey, Texas prisoner # 1192566, has filed a motion for leave to proceed in forma pauperis (IFP) on appeal and an injunction and request for a transfer to a different housing facility. The district court dismissed Basey's 42 U.S.C. § 1983 civil rights complaint without prejudice as barred by the three-strikes bar of 28 U.S.C. § 1915(g) and this court's prior sanction order.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

For the first time in his IFP motion, Basey alleges that the defendants have retaliated against him by administering contaminated food trays, drugs, and psychotropic medication in his food. He also argues for the first time that the defendants have refused to adhere to a medical directive that he be placed in a single cell, that he went on a "hunger strike," that the defendants refused to give him medical attention following surgery, and that the defendants spread rumors about his homosexuality. These arguments will not be addressed for the first time on appeal. See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999).

This court has previously sanctioned Basey for filing frivolous pleadings, and Basey does not dispute that he received three strikes under § 1915(g). See Basey v. Collins, No. 95-40438 (5th Cir. Dec. 21, 1995) (unpublished); Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Therefore, to proceed IFP on appeal, he must demonstrate that he is under threat of imminent danger or serious bodily injury. See § 1915(g).

Basey renews his argument that his life endangerment request has been ignored and that his attempt to get a transfer to a different housing facility has been denied. Basey does not allege in his IFP motion facts showing that he was under threat of "serious bodily injury" at the time he filed his notice of appeal or IFP motion. See Baños v. O'Guin, 184 F.3d 883, 884

(5th Cir. 1998).  Accordingly, Basey is not entitled to proceed IFP on appeal.  See id.

In his request for an injunction and a prison unit transfer, Basey argues that he is in "imminent danger" due to an assault by prison officials on March 7, 2005.  He filed his request for an injunction on March 17, 2005.  Basey names three specific offenders and alleges that his neck injury required x-rays on March 9 or 10, 2005.  Basey argues that this attack was in retaliation for the filing of his civil rights complaint.

There is no evidence in the record to support Basey's allegations.  Rather, the record contains evidence of one housing transfer at Basey's request, a history of grievance responses indicating that Basey had failed to abide by direct orders from prison officials, and investigations finding that Basey's life endangerment claims were meritless.  Although the record and Basey's exhibits include medical records, neither the exhibits nor the records reference any March assault.  Moreover, none of Basey's grievances mention his offenders from the March assault.  Therefore, Basey's motion for an injunction is denied.

Basey's appeal is without arguable merit and is thus frivolous.  See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983).  Accordingly, the appeal is dismissed.  See 5TH CIR. R. 42.2.

In light of the prior sanctions imposed against Basey, he is now ordered to pay sanctions in the amount of $255, the appellate

filing fee cost, payable to the clerk of this court.  See 5TH CIR. R. 3.  The clerk of this court and the clerks of all federal district courts within this circuit are directed to refuse to file any pro se civil complaint or appeal by Basey unless Basey submits proof of satisfaction of this sanction.  If Basey attempts to file any further notices of appeal or original proceedings in this court without such proof the clerk will docket them for administrative purposes only.  Any other submissions which do not show proof that the sanction has been paid will neither be addressed nor acknowledged.

IFP AND INJUNCTION DENIED; APPEAL DISMISSED AS FRIVOLOUS; SANCTION IMPOSED.