John W. BAÑOS, Plaintiff–Appellant,

v.

Michael O'GUIN, Captain, Jeffery Catoe;
Richard Pillot, Defendants–
Appellees.

No. 97–40354.

United States Court of Appeals,
Fifth Circuit.

June 26, 1998.

John W. Banos, New Boston, TX, pro se.

Leslie W. Dippel, Austin, TX, for Defendants–Appellants.

Before REAVLEY, DeMOSS and PARKER, Circuit Judges.

PER CURIAM:

On March 28, 1996, John W. Baños, Texas prisoner # 54531, proceeding pro se and *in forma pauperis* ("IFP") filed a 42 U.S.C. § 1983 complaint alleging that on January 18, 1996 he had a verbal altercation with several Texas Department of Criminal Justice ("TDCJ") officers. Later that day, he was ordered to submit to a body cavity search. When Baños resisted, TDCJ officers used force to conduct the search. Baños filed additional pleadings alleging that a similar incident occurred on June 11, 1996, after he filed his original suit. Baños contended that the body cavity searches were conducted in violation of prison rules and for the purpose of sexually harassing him. He also alleged that "defendants sexually harassing & using excessive force & assaulting plaintiff places him in immediate physical injury."

The district court found that Baños had filed at least four prior actions that had been dismissed as frivolous, that he had not alleged that he was in imminent danger of serious bodily injury and therefore dismissed his complaint pursuant to 28 U.S.C. 1 1915(g). The dismissal order does not mention Baños' allegation of "immediate physical injury."

Baños filed a notice of appeal and an application to proceed IFP on appeal. The magistrate judge assessed a partial filing fee and allowed Baños to proceed IFP on appeal.

## ANALYSIS

The district court's determination that § 1915(g) bars Baños from proceeding IFP in a civil action seems incongruous with the grant of leave to appeal IFP. Section 1915(g) provides:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The district court did not err in finding, and Baños does not contest the fact, that he has had at least three dismissals on the basis of frivolousness. *See Baños v. Caldwell,* No. 97–40186 (5th Cir. Aug. 15, 1997) (unpublished); *Baños v. Gail,* No. 97–40466 (5th Cir. Aug. 15, 1997) (unpublished); *Baños v. Brown,* No. 97–40468 (5th Cir. Aug. 15, 1997) (unpublished).

In light of these three "strikes," Baños cannot proceed on appeal IFP unless the statutory exception applies, that is, unless he "is under imminent danger of serious physical injury." § 1915(g); *see Adepegba v. Hammons,* 103 F.3d 383, 388 (1996). This case requires us to determine what showing must be made by a plaintiff who asserts that he should be allowed to proceed IFP because he is in imminent danger of serious physical injury. The plain language of the statute leads us to conclude that a prisoner with three strikes is entitled to proceed with his action or appeal only if he is in imminent danger at the time that he seeks to file his suit in district court or seeks to proceed with his appeal or files a motion to proceed IFP. *See* 1915(g).

The only other circuit that has addressed this issue came to a different conclusion. The Third Circuit, in *Gibbs v. Roman,* 116 F.3d 83 (3rd Cir.1997), held that an inmate filing a complaint pursuant to § 1915(g) must allege imminent danger at the time of the alleged incident that serves as the basis of the complaint rather than at the time the complaint was filed. *Gibbs,* 116 F.3d at 86. We read the statute to require the inquiry concerning the prisoner's danger to be made at the time of the IFP motion.

In revising § 1915, the 104th Congress intended to discourage the filing of frivolous IFP law suits. *See* H.R.REP., No. 104–21, § 202, at 22 (1995). Congress designed the new IFP provision to require every IFP litigant to pay the requisite filing fees in full.

28 U.S.C. § 1915(b). However, IFP status allows an indigent litigant to make periodic partial payments as his ability to pay allows and does not require full payment before the litigation goes forward. *Id.* If a litigant abuses the IFP privilege, as evidenced by three "strikes" (dismissals for frivolousness), § 1915(g) has the effect of delaying litigation of the merits of a claim until the fee is paid in full.[1] When such a delay threatens "imminent danger of serious physical injury," the litigant will be granted IFP status in spite of his past abuse and allowed to pay out his filing fee obligations. In order to implement this statutory scheme, we must determine if danger exists *at the time the plaintiff seeks to file his complaint or notice of appeal IFP.* Likewise, the language of § 1915(g), by using the present tense, clearly refers to the time when the action or appeal is filed or the motion for IFP status is made.

■ Applying this standard to Baños, we conclude that he is not entitled to proceed with this appeal IFP. He has not alleged, much less established, that he faced imminent danger of serious physical injury at the time that his notice of appeal was filed. We therefore REVOKE his IFP status and dismiss his appeal. The appeal may be reinstated if Baños pays the appeal fees within thirty days of this dismissal.

IFP STATUS REVOKED. APPEAL DISMISSED.

---

1. It is possible that a potential litigant who is denied IFP status under this provision will not have the ability to pay the entire filing fee within the statute of limitations or, in the case of an appeal, within the time for filing an appeal, and will thereby be precluded from litigating or appealing his case on the merits. This circuit has held the "three strike" provision of § 1915(g) constitutional in spite of this risk. *See Carson v. Johnson,* 112 F.3d 818 (5th Cir.1997).