**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 97-10819
No. 97-11170
(Summary Calendar)

RONALD WAYNE EDMOND,

Plaintiff-Appellant,

versus

TEXAS DEPARTMENT OF CORRECTIONS;
TEXAS BOARD OF PARDONS & PAROLES;
DALLAS COUNTY JAIL; INTERMEDIATE SANCTION
FACILITIES SAFE P; SALVATION ARMY,

Defendants-Appellees.

No. 97-11202
(Summary Calendar)

RONALD WAYNE EDMOND,

Plaintiff-Appellant,

v.

DALLAS COUNTY JAIL, West Tower; MAYS, Officer;
DRAKE, Officer; JONES; SANDIFFER, Sergeant; JOHN DOE,
Lieutenant; JOHN DOE, Sheriff's Officer; JOHN DOE, Sheriff's
Deputy,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Texas
U.S.D.C. No. 3:97-CV-1436-X
U.S.D.C. No. 3:97-CV-1775-H
U.S.D.C. No. 3:97-CV-1468-R

October 7, 1998

Before KING, BARKSDALE and STEWART, Circuit Judges.

PER CURIAM:[*]

Texas prisoner Ronald Wayne Edmond, #945923, appeals from the district court's dismissal of his in forma pauperis ("IFP") civil rights complaints against the Texas Department of Corrections; the Texas Board of Pardons and Paroles; the Dallas County Jail's Intermediate Section Facilities; the Salvation Army; and several individually named corrections officers. This court granted Edmond's unopposed motion to consolidate these appeals.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Edmond filed the first of these three complaints on June 16, 1997, alleging improper medical care, beatings, and general mistreatment during his incarceration in the Dallas County Jail and Texas prison system. He requested 1.5 million dollars in damages as well as injunctive relief. The magistrate judge found that Edmond was barred from bringing his action IFP pursuant to 28 U.S.C. § 1915(g) which prevents litigants from proceeding IFP when they have initiated three or more previous lawsuits which have been dismissed as frivolous, malicious, or for failure to state a claim. The magistrate judge determined that Edmond had initiated three such actions. See Edmond v. Dallas County Sheriff's Dep't., No. 3-95-CV-0502-P (N.D. Tex. Apr. 17, 1995) (dismissed as frivolous, 28 U.S.C. § 1915); Edmond v. Tarrant County, No. 4-96-CV-0267-A (N.D. Tex. Jun. 24, 1996) (dismissed as frivolous, 28 U.S.C. § 1915); Edmond v. Dallas Country Sheriff's Dep't., No. 3-95-CV-0446-X (N.D. Tex. Mar. 4, 1996) (dismissed for failure to state a claim, Fed.R.Civ.P. 12(b)(6)). The magistrate judge thus ordered the complaint unfiled and noted that Edmond should be barred from filing any other civil action IFP without first demonstrating that he is "under imminent danger of serious physical injury" within the meaning of § 1915(g). The district court reviewed Edmond's claim de novo, adopted the recommendation of the magistrate judge, and ordered the complaint unfiled.

On June 18, 1997, Edmond filed the second of these actions—a civil complaint against the

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

Dallas County Jail West Tower; Officers Mays, Drake, and Jones; and "Sgt. Sandiffer Lutanant, & Sheriffs Officer." Edmond claimed that while he was incarcerated in the Dallas County Jail, a fellow inmate fractured his jaw and knocked him out. He alleges that he requested that officers Drake and Mays get him medical attention, but that they ignored him until he began to spit up blood. Though Edmond concedes that he was seen by a nurse, he insists that he did not receive such care until an hour and fifteen minutes after the incident and that it was six hours before his jaw was x-rayed. He argues that he suffered further mistreatment by Drake and Mays, whom he alleges did not move him to the mental behavior observation tank, as he requested. Edmond suggests that such action was taken for the purpose of intimidation. The magistrate judge initially granted Edmond leave to proceed IFP. Following a hearing, the magistrate recommended the dismissal of the case based on the dismissal of Edmond's three prior civil rights suits. The magistrate found that there was no basis to conclude that another assault upon Edmond was imminent. The district court conducted a de novo review of the record, adopted the findings and recommendations of the magistrate judge, and ordered the complaint unfiled.

Lastly, in a complaint filed on July 23, 1997, Edmond alleged civil rights violations and claimed that he had been injured by the above-named defendants and that he was deliberately misled to believe he would be released into the Salvation Army's substance abuse program. After initially granting Edmond leave to proceed IFP, the magistrate judge found that Edmond had three or more civil actions which were dismissed as frivolous, malicious, or for failure to state a claim and that he failed to show that he was under imminent danger of serious physical injury. Following a de novo review, the district court adopted the conclusions of the magistrate judge and ordered Edmond's complaint unfiled.

Edmond filed the requisite notices of appeal and moved for leave to proceed IFP on appeal. The magistrate judges assessed partial filing fees and allowed Edmond to proceed IFP on appeal. On appeal, Edmond argues that he requires mental and personal health care which the Dallas County Jail has neglected to provide him. He asks this court to move him to another facility where he can get

3

medical and mental health care and he requests a proper evaluation, such as a brain scan and physical examination, to determine the damage from the falls he suffered as a result of his seizures.

ANALYSIS

The magistrate judges' orders granting Edmond leave to proceed IFP on appeal appear incongruous with the district courts' determinations that Edmond was barred from proceeding IFP in the civil actions. The district courts determined that Edmond's IFP complaints were barred under the "three strikes" provision of the Prison Litigation Reform Act of 1995 (PLRA), 28 U.S.C. §1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The district court did not err in finding, and Edmond does not challenge on appeal, the determination that his prior actions are strikes on the basis of frivolousness, maliciousness, or for failure to state a claim. In light of these three strikes, Edmond cannot proceed on appeal IFP unless the statutory exception applies—that is, unless he "is under imminent danger of serious physical injury." §1915(g); see Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996).

In two recent opinions, this circuit addressed the issue of what showing must be made by a plaintiff who asserts that he should be allowed to proceed IFP because he is in imminent danger of serious physical injury. See Baños v. O'Guin, 144 F.3d 883 (5th Cir. 1998) and Soloman v. Collins, No. 97-40369 (5th Cir. Jun. 26, 1998). In those cases, this court determined that the plain language of the statute indicates that a prisoner with three strikes is entitled to proceed with his action or appeal only if he is in imminent danger *at the time* that he seeks to file his suit in district court or seeks to proceed with his appeal or files a motion to proceed IFP. Baños, 144 F.3d at 884 (citing § 1915(g)); at Soloman 3 (citing § 1915(g)). In both Baños and Soloman, this court determined that the prisoners bringing suits failed to allege, much less establish, that they faced imminent danger of serious physical injury and that they were therefore not entitled to proceed with their appeals IFP.

4

Baños, 144 F.3d at 885; Soloman at 4.

Applying the same standard to Edmond, we conclude that he is not entitled to proceed with this appeal IFP. Edmond alleges that he is still under imminent danger of serious physical injury because the Dallas County Jail will not provide him with the physical and mental health care that he needs. He asserts that, as a result of his allegations, there will be retaliation and intimidation against him by the State of Texas or the jail staff. In his brief, Edmond contends that because of the limited medical and mental health treatment he has received while incarcerated, he has suffered seizures and also a nervous attack. He further claims that following one such health incident, he was placed in lock-up in a single cell where he could have suffered further medical problems and none of the jail staff would have known.

We find that Edmond's complaints about the quality of his medical care are insufficient to meet the threshold requirement of imminent danger of physical injury. So, too, we find his vague claim that he will face retaliation for this appeal inadequate to satisfy the §1915(g) exception. Though he has expressed concerns about his medication and the possibility of undiagnosed conditions, he did not establish that he faced imminent danger of serious physical injury at the time his notices of appeal were filed. We therefore REVOKE his IFP status and dismiss his appeal. The appeal may be reinstated if Edmond pays the appeal fees within thirty days of this dismissal.

IFP STATUS REVOKED. APPEAL DISMISSED.