IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-10749
Summary Calendar
_____

JAMES ERIC LOFTON,

Plaintiff-Appellant,

versus

GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, INSTITUTIONAL DIVISION; L.T. ANDERSON, Correctional
Officer III; WAYNE SCOTT, Director, Texas Department of
Criminal Justice, Institutional Division; CINDY TYLER, Fifth
Circuit Clerk; RALPH POPE; D. CHANDLER; TERRY SLITER; SAM R.
CUMMINGS, U.S. District Judge; J.Q. WARNICK, JR.; RHESA H.
BARKS; DALE CONNOR, Correctional Officer III; G. HARRIS; JAIME
QUINTANILLA, Captain; FNU AVANTS; EARNEST WELCH, Captain;
G. STANTON; M. RODRIGUEZ; ADEL NAFRAWI, DR.; BOBBY MORRISON,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:99-CV-126-C
--------------------

October 18, 1999

Before POLITZ, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

James Eric Lofton, Texas prisoner # 616132, seeks permission
to proceed *in forma pauperis* (IFP) on appeal of the district
court's dismissal of his 42 U.S.C. § 1983 civil rights action.
The district court dismissed Lofton's § 1983 action because he

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

failed to obtain the district court's permission prior to filing the action as required by 28 U.S.C. § 1915(g).

On at least three prior occasions while incarcerated, Lofton has filed an action or an appeal in a United States court that was dismissed as frivolous.  See Lofton v. Texas Department of Criminal Justice, No. 1:97-CV-093 (N.D. Tex. May 2, 1997); Lofton v. Texas Department of Criminal Justice, No. 1:97-CV-076-C (N.D. Tex. May 2, 1997); Lofton v. Lofton, No. 97-10136 (5th Cir. Dec. 17, 1997).  Accordingly, Lofton may not proceed IFP in any civil action or appeal filed while he is in prison unless he is under imminent danger of serious physical injury.  § 1915(g); Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1997).  Lofton alleges that the appellees have conspired to kill him by placing him in a cell with an inmate who has hepatitis.  Lofton has not alleged facts which indicate that he is in imminent danger of serious physical injury.  See § 1915(g).  Therefore, § 1915(g) applies to bar his appeal IFP and his IFP status is revoked.  See Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998).

Lofton has 30 days from the date of this order to pay the full appellate filing fee of $105 to the clerk of the district court should be wish to reinstate his appeal.

IFP MOTION DENIED; APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR APPLIED.