IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-10453
Conference Calendar
_____

LEON COLLINS, JR.,

Plaintiff-Appellant,

versus

GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION; JOHN GILBERT, Regional Director; RONALD
DREWRY, Sr. Warden; BRINK CLENDENNEN, Major; JAIME QUINTANILLA,
Captain; LAZARO MIRANDA, Sergeant; WILLIAM DARRAUGH; ANGELO
PHILLIPS; VICTOR CANTRELL; KELLY HAYES; JANAY WILLIAM; MARY
JOHNSON; ROBERT RINGHOFFER; MIKE ALLISON; MELISSA HURST; NFN
DARRINGTON; EDWARD ADAMS, Correctional Officer 3,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:98-CV-65
--------------------
February 13, 2001

Before SMITH, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Leon Collins, Jr., TDCJ #566960, appeals the district
court's dismissal of his 42 U.S.C. § 1983 action as a sanction
for perjury.  Collins has filed 3 prior federal civil cases which
were dismissed for failure to state a claim or as frivolous.  See
Collins v. Payton, No. 96-CV-233 (N.D. Tex. filed Jan. 23, 1997);
Collins v. Wilson, No. 96-CV-160 (N.D. Tex. filed Jan. 24, 1997);

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Collins v. Adams, No. 96-CV-301 (N.D. Tex. filed Jan. 24, 1997). These dismissals count as strikes for purposes of 28 U.S.C. § 1915(g). Collins has never alleged that he was in imminent danger of serious physical injury at the time the instant suit was filed, and he has therefore failed to demonstrate that he can overcome the 3 strikes bar. See § 1915(g); Banos v. O'Guin, 144 F.3d 883, 884-85 (5th Cir. 1998). Accordingly, Collins is BARRED from proceeding IFP under 28 U.S.C. § 1915(g), his IFP status is revoked, and he may not bring a civil action or appeal a judgment in a civil action or proceeding under § 1915 while incarcerated or detained in any facility, unless he is under imminent danger of serious physical injury. See § 1915(g). The appeal is dismissed.

Collins has 30 days from the date of this opinion to pay the full appellate filing fee of $105 to the clerk of the district court, should he wish to have his appeal reinstated.

IFP REVOKED; APPEAL DISMISSED.