United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 17, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-30427
Conference Calendar

_____

CHARLES T. BUTLER,

                                        Plaintiff-Appellant,

versus

RICHARD L. STALDER; BURL CAIN; KATHY FONTENOT; RICHARD IEYOUB;
STATE OF LOUISIANA; All present and past Corrections Officials in
both their Official and Individual capacities,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:03-CV-624-B
--------------------

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Before this court is Charles Butler's (Louisiana prisoner

# 209995) request to proceed in forma pauperis (IFP) in his

appeal of the dismissal of his 42 U.S.C. § 1983 complaint for

failure to pay the filing fee.  The district court denied Butler

leave to proceed IFP upon a finding that he had accumulated three

"strikes" under 28 U.S.C. § 1915(g).

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Section 1915(g) provides that a prisoner may not proceed IFP in a civil action or in an appeal of a judgment in a civil action if the prisoner has, on three or more prior occasions, while incarcerated, brought an action or appeal that was dismissed as frivolous or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury. The determination as to whether a prisoner is in "imminent danger" must be made at the time the prisoner seeks to proceed with the appeal or files a motion to proceed IFP. Baños v. O'Guin, 144 F.3d 883, 884 (5th Cir. 1998).

Butler fails to show that he is in "imminent danger" as required under § 1915(g). Accordingly, his motion for IFP is DENIED and the appeal is DISMISSED. See 5TH CIR. R. 42.2.