**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 4, 2009

Charles R. Fulbruge III
Clerk

No. 08-60403
Summary Calendar

CHARLES TORNS, JR

Plaintiff-Appellant

v.

MISSISSIPPI DEPARTMENT OF CORRECTIONS; GENEVE BRELAND,
Technician for Mississippi Department of Corrections Inmate Legal Assistance
Program; CAPTAIN LOYD BEASLEY, SMCI Disciplinary Hearing Official;
RONALD KING, Superintendent for SMCI; CHRISTOPHER B EPPS,
COMMISSIONER, MISSISSIPPI DEPARTMENT OF CORRECTIONS; OTHER
JOHN JANE DOES

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:08-CV-61

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

The court sua sponte grants rehearing, withdraws its previous opinion in
this matter, and substitutes the following.

Charles Torns, Jr., Mississippi prisoner # 32205, has filed a motion to
proceed in forma pauperis (IFP) on appeal following the district court's denial of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

his motion to proceed IFP in that court in his civil rights action. Pursuant to FED. R. APP. P. 24(a), this court may entertain a motion to proceed IFP on appeal when the litigant has been denied leave to proceed IFP on appeal by the district court. A litigant may not proceed IFP on appeal unless he demonstrates financial eligibility and the existence of a nonfrivolous issue for appeal. *See Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982).

The district court determined that Torns was barred from proceeding IFP in his civil rights action because Torns had accumulated three strikes under 28 U.S.C. § 1915(g). Torns does not dispute that he has three strikes. Our review of court records shows that Torns has accumulated strikes in the following actions: (1) the dismissal, as frivolous, in *Torns v. Fordice*, No. 4:95-cv-398 (N.D. Miss. June 10, 1996); (2) the dismissal, for failure to state a claim, in *Torns v. Dunn*, No. 3:02-cv-00263 (S.D. Miss. April 30, 2002); and, (3) the dismissal, for failure to state claim, in *Torns v. State of Mississippi Department of Corrections*, No. 4:03-cv-410 (N.D. Miss. July 19, 2004).

Under § 1915(g), a prisoner may not proceed IFP in a civil action or appeal a judgment in a civil action or proceeding if he has on three or more prior occasions, while incarcerated or detained in a facility, "brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." § 1915(g).

Torns contends that he suffers from cardiovascular hypertension disease. He asserts that, since the alleged wrongful disciplinary conviction that was the focus of his complaint, he has suffered anxiety, restless nights, nightmares, headaches, chest pains, dizziness, visual problems, and numbness in the extremities. He also contends that the fact of his confinement among prisoners who do not have similar medical disabilities places him in imminent danger of serious physical injury and causes him to live in constant fear and anxiety.

"[A] prisoner with three strikes is entitled to proceed with his action or appeal only if he is in imminent danger at the time that he seeks to file his suit in district court or seeks to proceed with his appeal or files a motion to proceed IFP." *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998). Torns's assertions regarding his medical condition and the possibility of harm at the hands of other inmates do not show that he faced an imminent danger of serious physical injury at the relevant time. *See id.* Moreover, if is true that Torns has a serious medical condition and that he is at risk of harm by other inmates, neither of those threats stems from or is related to his claim that his civil rights were violated in connection with his disciplinary conviction. *See Judd v. Federal Election Commission*, No. 07-41033, 2009 WL 423966, *1 (5th Cir. Feb. 20, 2009).

Torns, who has three strikes, has not shown that he is entitled to proceed IFP on grounds that he is under imminent danger of serious physical injury. *See* § 1915(g). Therefore, Torns has not shown that he has a nonfrivolous issue for appeal. *See Carson*, 689 F.2d at 586. Accordingly, Torns motion to proceed IFP on appeal is denied, and the appeal is dismissed. *See* 5TH CIR. R. 42.2.

REHEARING GRANTED SUA SPONTE; PREVIOUS OPINION WITHDRAWN; IFP MOTION DENIED; APPEAL DISMISSED.