# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 4, 2011

Lyle W. Cayce
Clerk

No. 10-20157
Summary Calendar

VERNON KING, JR.,

Plaintiff-Appellant

v.

EXECUTIVE DIRECTOR BRAD LIVINGSTON; SENIOR WARDEN BRENDA CHANEY; TODD E. HARRIS; PHILLIP SIFUENTES; JOE A. GRIMES,

Defendants-Appellees

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CV-238

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Vernon King, Jr., Texas prisoner # 590316, moves this court for authorization to proceed in forma pauperis (IFP) following the district court's denial of leave to proceed IFP under the three-strikes provision of 28 U.S.C. § 1915(g) and dismissal of his 42 U.S.C. § 1983 complaint. Under § 1915(g), a prisoner may not proceed IFP in a civil action or in an appeal of a judgment in a civil action if the prisoner has, on three or more prior occasions, while

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

incarcerated, brought an action or appeal that was dismissed as frivolous or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.  § 1915(g).  The determination whether a prisoner is under "imminent danger" must be made at the time the prisoner seeks to file his suit in district court or to proceed with his appeal, or when he files a motion to proceed IFP.  *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998).

King's allegations cannot show that he is under imminent danger of serious physical injury from the alleged actions of these defendants.  King has failed to show that he should be allowed to proceed IFP under § 1915(g) on appeal and that his appeal presents a nonfrivolous issue.  *See Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982).  King's motion for leave to proceed IFP is denied

The facts surrounding the IFP decision are inextricably intertwined with the merits of the appeal.  *See e.g. Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).  Accordingly,  the appeal of the judgment of the district court presents no nonfrivolous issues, and the appeal is dismissed as frivolous.  5TH CIR. R. 42.2.

IFP DENIED; APPEAL DISMISSED.