# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 15, 2011

No. 11-50262
Summary Calendar

Lyle W. Cayce
Clerk

PATRICK PITCHON,

Plaintiff-Appellant

v.

RICK THALER, Executive Director - Texas Department of Criminal Justice;
LESLEY S. SIMS, Sergeant- Texas Department of Criminal Justice; JASON P.
WILLIAMS, Major - Texas Department of Criminal Justice; ROBERT J.
KLUSMEYER, Lieutenant - Texas Department of Criminal Justice,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:11-CV-104

Before JOLLY, GARZA and STEWART, Circuit Judges.

PER CURIAM:[*]

Patrick Pitchon, Texas prisoner #1181285, filed a 42 U.S.C. § 1983 complaint against various prison officials, alleging that they were members of, or failed to take adequate measures to protect Pitchon from, "a great number of government officials" acting under the direction of former President Bush, who are conspiring to kill Pitchon by placing him in freezing cold cells, starving him,

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and denying him HIV medication. The district court denied Pitchon's motion to proceed in forma pauperis (IFP) and dismissed his complaint under the three-strikes provision of 28 U.S.C. § 1915(g).

Under 28 U.S.C. § 1915(g), a prisoner may not proceed IFP in a civil action or in an appeal of a judgment in a civil action if the prisoner has, on three or more prior occasions, while incarcerated, brought an action or appeal that was dismissed as frivolous or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury. The determination whether a prisoner is under "imminent danger" must be made at the time the prisoner seeks to file his suit in district court or to proceed with his appeal, or when he files a motion to proceed IFP. *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998).

The record shows that Pitchon has accumulated three qualifying dismissals of civil complaints as frivolous and is unable to make a showing that he is in imminent danger of serious physical injury. Pitchon has failed to show that he should be allowed to proceed IFP on appeal under § 1915(g). Pitchon's motion for leave to proceed IFP is denied.

The appeal of the judgment of the district court presents no nonfrivolous issues, and the appeal is dismissed as frivolous. 5TH CIR. R. 42.2.