# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 24, 2012

No. 11-30953
Summary Calendar

Lyle W. Cayce
Clerk

CARLOS A. MCGREW,

Plaintiff-Appellant

v.

LOUISIANA STATE PENITENTIARY MENTAL HEALTH DEPARTMENT;
KATIE ARD, Doctor; DAVE ANKENBRAND; CAROL GILCREASE, Director;
JOHN DOES; N. BURL CAIN, Warden; KENNETH NORRIS, Warden;
JONATHAN A. ROUNDTREE, Doctor; CHAD MENZINA, Unit Manager; RAY
VITTORIO, Colonel; TRENT BARTON, Administrative Major; LOUISIANA
STATE PENITENTIARY MEDICAL DEPARTMENT; JAMES LEBLANC,
Department of Corrections, Secretary,

Defendants-Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:11-CV-549

Before BENAVIDES, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Carlos A. McGrew, Texas prisoner # 413135, moves for leave to proceed in
forma pauperis (IFP) on appeal from the district court's dismissal of his action
without prejudice for failing to pay the court's filing fee.  McGrew's motion for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

leave to proceed IFP in the district court was denied pursuant to 28 U.S.C. § 1915(g) on the grounds that McGrew had, on more than three prior occasions, while incarcerated, brought an action in federal court that was dismissed as frivolous or for failure to state a claim, and McGrew's claims did not reflect that McGrew was under "imminent danger of serious physical injury." § 1915(g). In McGrew's motion for IFP filed in this court, he argues that at the time he filed his complaint in the district court, he was under "imminent danger of serious physical injury" due to (1) exposure to extreme heat and harsh living conditions at the prison, and (2) deprivation of adequate mental health care, specifically, the withholding of medication to combat the side effects of Risperdal, one of his prescribed medications.

The determination whether a prisoner is under "imminent danger" must be made at the time the prisoner seeks to file his suit in district court, when he files his notice of appeal, or when he moves for IFP status. *Baños v. O'Guin*, 144 F.3d 883, 884-85 (5th Cir. 1998). Thus, in this case, we analyze whether McGrew was under imminent danger at the time that he filed his appellate IFP motion. *See id.* McGrew does not assert, much less establish, that he was under imminent danger of serious physical injury when he filed his appellate IFP motion. *See Baños,* 144 F.3d at 884-85.

IT IS ORDERED that McGrew's motion for leave to proceed IFP is DENIED, and the appeal is DISMISSED. The appeal may be reinstated if McGrew pays the appellate filing fee within 30 days of this dismissal.