# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 1, 2012

No. 11-60719
Summary Calendar

Lyle W. Cayce
Clerk

WENDELL DUNCAN,

Plaintiff-Appellant

v.

MERRIAN CARMICHAEL; J. BIRDTAIL; SANDRA ATWOOD; DOCTOR UNKNOWN ABANGAN; VONNIE NEAL; DOCTOR JOE DOE; DOCTOR JEFFCOAT; CHIEF PERRY; WARDEN VINES; WARDEN DALE CASKEY; EVA EASLEY,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 4:10-CV-167

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Wendell Duncan, Mississippi prisoner # 32726, moves for leave to proceed in forma pauperis (IFP) on appeal from the district court's dismissal of his civil rights suit without prejudice pursuant to 28 U.S.C. § 1915(g). Duncan's complaint alleged, among other things, that he was denied adequate medical treatment with respect to glaucoma in his eyes.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-60719

A prisoner may not proceed IFP in a civil action or in an appeal of a judgment in a civil action if the prisoner has, on three or more prior occasions, while incarcerated, brought an action or appeal that was dismissed as frivolous, malicious, or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.  § 1915(g).  Duncan does not dispute that he has accumulated three strikes under § 1915(g) but contends that he meets the exception under § 1915(g) because he is in imminent danger of serious physical injury.  Duncan has received prescription eye drops for his condition, and he has not shown that he was under imminent danger of serious physical injury at the time he filed his instant IFP motion.  *See Baños v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998).  Thus, he is barred under § 1915(g) from proceeding IFP on appeal.

Duncan has also submitted a filing styled as a "Motion for Affirmative Relief," in which he seeks an injunction ordering his transfer from his current prison unit on the ground that prison officials violated his procedural due process rights and retaliated against him by placing him in segregation after he refused to have his hair cut.  Duncan's claims in the "Motion for Affirmative Relief" will not be considered because they are raised for the first time on appeal.  *See Morin v. Moore*, 309 F.3d 316, 323 (5th Cir. 2002); *Daly v. Sprague*, 675 F.2d 716, 722 (5th Cir. 1982).

Accordingly, IT IS ORDERED that Duncan's motion for leave to proceed IFP and "Motion for Affirmative Relief" are DENIED, and the appeal is DISMISSED.  The appeal may be reinstated if Duncan pays the appeal fees within 30 days of this dismissal.