# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 18, 2013

Lyle W. Cayce
Clerk

No. 12-20386
Summary Calendar

SONNY WILSON,

Plaintiff-Appellant

v.

DOUGLAS J. APPEL, Optometrist; GEORGE H. STEED, Optometrist (Texas Department of Criminal Justice); ROBERT H. KANE, JR., Employee with Texas Department of Criminal Justice,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CV-1320

Before JOLLY, DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

Sonny Wilson, Texas prisoner # 684871, seeks leave to proceed in forma pauperis (IFP) on appeal from the district court's dismissal of his civil rights suit pursuant to 28 U.S.C. § 1915(g). Wilson argues that the prison optometrists Douglas Appel and George Steed, refused to provide him with the proper

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

prescription eye glasses and that Officer Kane sanctioned their actions by denying his grievances.

A prisoner may not proceed IFP in a civil action or in an appeal of a judgment in a civil action if the prisoner has, on three or more prior occasions, while incarcerated, brought an action or appeal that was dismissed as frivolous, malicious, or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury. § 1915(g). Wilson does not dispute that he has accumulated three strikes under § 1915(g). However, he contends that he meets the exception under § 1915(g) because he is in imminent danger of serious physical injury.

Wilson's pleadings and submissions demonstrated that he has received regular medical care for his vision and that he has been provided with prescription eyeglasses by the prison continually since 2007. His dissatisfaction with the adequacy of his eyeglass prescription is not sufficient to show that he was "under imminent danger of serious physical injury" at the time of filing his motion for leave to proceed IFP. *See* § 1915(g); *Baños v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998). His motion to proceed IFP on appeal is DENIED, and the appeal is DISMISSED. The appeal may be reinstated if Wilson pays the appeal fees within 30 days of this dismissal.