# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 15, 2013

No. 12-20719
Summary Calendar

Lyle W. Cayce
Clerk

HUBERT WARREN, JR.,

Plaintiff-Appellant

v.

ELLIS COUNTY, TEXAS; DON MAXFIELD;
JOE GRUBB; GENE KNIZE,

Defendants-Appellees

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CV-2674

Before JONES, DENNIS and HAYNES, Circuit Judges.

PER CURIAM:[*]

Hubert Warren, Texas prisoner # 1023303, has filed a motion to proceed in forma pauperis (IFP) on appeal following the district court's dismissal of his 42 U.S.C. § 1983 lawsuit for failure to pay outstanding monetary sanctions and its denial of IFP. A litigant may not proceed IFP on appeal unless he demonstrates financial eligibility and the existence of a nonfrivolous issue for appeal. *See Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-20719

The district court determined that Warren was barred from proceeding IFP in his civil rights action because he had accumulated three strikes under 28 U.S.C. § 1915(g).  Warren does not dispute that he has three strikes but argues that the § 1915(g) bar should not apply because he is under imminent danger of serious physical injury, citing the fact that he has been exposed to dust lint and shower odor through his cell vent, which has caused him headaches, voice changes, and watery eyes.  He also alleges that he is under constant stress resulting from the denial of his constitutional rights, subjecting him to a potential risk of, among other things, hypertension, heart and immune system problems, fatigue, depression, and weight gain, all of which could shorten his life expectancy.

Warren's assertions regarding his cell conditions and the possibility of future medical problems resulting from stress do not show that he faced an imminent danger of serious physical injury at the relevant time.  *See Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998).  Consequently, he has not shown that he is entitled to proceed IFP on the ground that he is under imminent danger of serious physical injury.  *See* § 1915(g).  Moreover, Warren briefs no argument regarding his unpaid sanctions, does not present proof of payment, and does not otherwise explain why he should be permitted to proceed without payment of the outstanding sanctions.  He has thus failed to show that he has a nonfrivolous issue for appeal.  *See Carson*, 689 F.2d at 586.  Accordingly, the IFP motion is DENIED, and the appeal is DISMISSED.  *See id.;* 5TH CIR. R. 42.2.