# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-20009

United States Court of Appeals
Fifth Circuit

**FILED**
September 8, 2016

Lyle W. Cayce
Clerk

WARREN PIERRE CANADY,

Plaintiff-Appellant

v.

MICHAEL ROESLER, Senior Warden; KEITH GORSUCH, Assistant Warden; CHARLES LONDIS, Assistant Warden; RICHARD KEMBRO, Lieutenant; SHANTORA GREGGS, Correctional Officer,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CV-1938

Before JONES, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Warren Pierre Canady, Texas prisoner # 723784, moves for leave to proceed in forma pauperis (IFP) to appeal the district court's dismissal of his 42 U.S.C. § 1983 complaint pursuant to the three-strikes provision of 28 U.S.C. § 1915(g).  Under § 1915(g), a prisoner may not proceed IFP in a civil action or in an appeal of a judgment in a civil action if he has, on three or more occasions

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-20009

during the incarceration, brought an action or appeal that was dismissed as frivolous or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.  Canady has failed to demonstrate that he was under imminent danger of serious physical injury at the time that he sought to file his complaint in the district court, proceed with his appeal, or move to proceed IFP.  *See* § 1915(g); *Baños v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998).  His allegations that he has been harassed and prevented from practicing his Muslim religion, that an officer pushed him in the chest and insulted him on one occasion almost two years before the filing of the civil rights complaint, and that a disciplinary officer yelled at him and threatened him two months prior to the filing of the complaint are insufficient to establish that he was in imminent danger of serious physical injury at the relevant times, despite his conclusional assertion in an affidavit that he faces such danger.  *See* § 1915(g); *Baños*, 144 F.3d at 884-85.  Thus, Canady's motion for leave to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See* 5TH CIR. R. 42.2; *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).