# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-40598

United States Court of Appeals
Fifth Circuit

**FILED**

January 25, 2018

Lyle W. Cayce
Clerk

DONIS LEMOND DENBY,

Plaintiff-Appellant

v.

FNU BOSCO, Warden; FNU HUNT, Correction Officer; FNU RUPERT, Warden; FNU PIERSON, Medical Provider; FNU ASSABA, Medical Provider; FNU PORTER, University of Texas Medical Branch Medical Employee; J. ASHLEY, University of Texas Medical Branch Medical Employee; FNU YOO, Medical Doctor; FNU HEE-KWANG, Doctor; FNU POGUE, University of Texas Medical Branch Medical Employee; R. KATYE, Registered Nurse; J. RICHARDSON, Warden; PAM PACE; CAMILLE LNU; FNU CUNNINGHAM; ANGELA SMITH; FNU LIMAS; FNU DAVIS; NURSE JANE DOE; NURSE JANE #2 DOE; DOCTOR JOHN DOE,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:16-CV-158

Before DAVIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-40598

Donis Lemond Denby, Texas prisoner # 655223, has filed a motion to proceed in forma pauperis (IFP) on appeal from the district court's dismissal without prejudice of his 42 U.S.C. § 1983 complaint.  He seeks to challenge the district court's determination that he was barred from proceeding IFP in the district court by the three-strikes provision of 28 U.S.C. § 1915(g).

Under § 1915(g), a prisoner may not proceed IFP in an appeal of a judgment in a civil action if the prisoner has, on three or more prior occasions, while incarcerated, brought an action or appeal that was dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. § 1915(g).  "[A] prisoner with three strikes is entitled to proceed with his action or appeal only if he is in imminent danger at the time that he seeks to file his suit in district court or seeks to proceed with his appeal or files a motion to proceed IFP." *Baños v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998).

Denby asserts that he does not have three strikes under § 1915(g). However, a review of his litigation history demonstrates that he has at least three strikes.  *See Denby v. Windham*, ECF TXND 2:10-CV-70, 9 (dismissed as frivolous); *Denby v. Trent*, ECF TXND 7:11-CV-157, 17 (dismissed as frivolous); *Denby v. Wages*, ECF TXND 2:13-CV-6, 13 (dismissed for failure to state a claim); and *Denby v. Norwood*, ECF TXND 7:13-CV-140, 23 (dismissed and strike imposed).

In addition, Denby's speculative and conclusional allegations that he has suffered an undiagnosed concussion, that he sustained lasting damage to his throat, and that unchecked rectal bleeding is causing a deterioration in his health -- leading to diabetes, sleep apnea, and possibly anoxic anemia -- are insufficient to show that he was under imminent danger of serious physical injury at the time he filed his complaint, appeal, or IFP motion in this court.

No. 17-40598

*See* § 1915(g); *Baños*, 144 F.3d at 884.  Accordingly, Denby's motion for leave to proceed IFP is denied.  For the same reason, Denby's appeal from the district court's dismissal of his suit without prejudice as barred under § 1915(g) is frivolous and is dismissed.  *See* 5TH CIR. R. 42.2; *Baugh v. Taylor*, 117 F.3d 197, 202 n.24 (5th Cir. 1997).

Denby is reminded of the three-strikes bar and is cautioned that future frivolous or repetitive filings in this court or any court subject to this court's jurisdiction may subject him to additional sanctions.

IFP DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.