# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-11039

United States Court of Appeals
Fifth Circuit

**FILED**
July 27, 2018

Lyle W. Cayce
Clerk

TIMOTHY DOYLE YOUNG,

Plaintiff-Appellant

v.

JASON A. SICKLER; DEPARTMENT OF JUSTICE,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:17-CV-1548

Before SOUTHWICK, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Timothy Doyle Young, federal prisoner # 60012-001, moves this court for authorization to proceed in forma pauperis (IFP) following the district court's dismissal of his civil complaint. The district court denied his motion to proceed IFP on appeal based on the finding that Young is barred, pursuant to 28 U.S.C. § 1915(g), from proceeding IFP absent a showing of imminent danger of serious physical injury. Young has not shown that he was under imminent danger of serious physical injury at the time he filed his notice of appeal or this IFP

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-11039

motion. *See Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998). Young's claims regarding any denial of treatment of his Hepatitis C condition are not before us and would be properly pursued only in Colorado, where he is housed. *Young v. Mellady*, No. 5:15-CV-14151, 2016 WL 4596355 (S.D. W.Va. Sept. 2, 2016) (addressing a similar complaint filed in West Virginia), *appeal dism'd*, No. 16-7273, 2016 WL 9734940 (4th Cir. Dec. 20, 2016). The documents filed in the district court demonstrate that he has records of his diagnosis, and his request for records cannot be deemed a matter presenting "imminent danger of physical injury" to Young. *See Banos*, 144 F.3d at 885. Accordingly, his motion for authorization to proceed IFP is denied.

The facts surrounding the IFP decision are inextricably intertwined with the merits of the appeal. *See Baugh v. Taylor*, 117 F.3d 197, 202 & n.24 (5th Cir. 1997). The appeal presents no nonfrivolous issues and is dismissed as frivolous. *See* 5TH CIR. R. 42.2.

IFP DENIED; APPEAL DISMISSED AS FRIVOLOUS.