# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-20752

United States Court of Appeals
Fifth Circuit

**FILED**
February 8, 2019

Lyle W. Cayce
Clerk

THOMAS H. CLAY,

Plaintiff-Appellant

v.

UTMBH CMC ESTELLE UNIT MEDICAL EMPLOYEES; LANNETTE LINIHICUM, Texas Department of Criminal Justice Medical Director; EARNESTINE B. JULYE, Medical Director; LVN DENNIS WALKER, CID; RHONDA COKER, HG-IDS Director; CYNINTA HO, HG-IDS; DOCTOR J. BLANTON; DOCTOR J. COLLIER; ESTELLE UNIT HIGH SECURITY OFFICIALS NAMED,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CV-3233

Before DENNIS, GRAVES, and COSTA, Circuit Judges.

PER CURIAM:*

Thomas H. Clay, Texas prisoner # 1124123, has a history of filing frivolous civil actions. He is barred under the three-strikes provision in 28 U.S.C. § 1915(g) from proceeding in forma pauperis (IFP) in any civil action

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-20752

filed while incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. Clay seeks authorization to proceed IFP on appeal from the district court's dismissal of his civil action and the district court's denial of his Federal Rule of Civil Procedure 59(e) motion for reconsideration of the dismissal decision. Clay also moves this court to construe his notice of appeal and IFP motion as petitions for a writ of mandamus. That request is DENIED.

Based on *Brown v. Megg*, 857 F.3d 287, 290-91 (5th Cir. 2017), Clay argues that he does not have three strikes for purposes of § 1915(g). We held in *In re Clay*, No. 17-20152, slip op. at 2 n.2 (5th Cir. Sept. 25, 2017) (unpublished), "that, even under *Brown*, 'Clay has three strikes.'" He may not relitigate the issue. *See Bradberry v. Jefferson Cty., Tex.*, 732 F.3d 540, 548 (5th Cir. 2013).

Clay also argues that he is in imminent danger of serious physical injury. However, his disagreements with the medical care he is receiving are insufficient to show that he was in imminent danger when he filed his complaint, appeal, or IFP motion. *See Baños v. O'Guin*, 144 F.3d 883, 884-85 (5th Cir. 1998).

Accordingly, Clay's motion for leave to proceed IFP is DENIED. Clay's appellate argument, that the district court erred in dismissing his civil complaint based on a finding that he had three-strikes under § 1915(g), is without arguable merit and thus frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). Clay's appeal from his civil action is DISMISSED. *See* 5TH CIR. R. 42.2; *Baugh*, 117 F.3d at 202 n.24.

The dismissal of this appeal as frivolous counts as a strike under § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 385-87 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 135 S. Ct. 1759,

No. 18-20752

1762-63 (2015).  Clay is reminded of the three-strikes bar and is cautioned that any future frivolous or repetitive filings in this court or any court subject to this court's jurisdiction may subject him to additional sanctions.

MOTIONS    DENIED;    APPEAL    DISMISSED    AS    FRIVOLOUS; SANCTION WARNING ISSUED.