# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-51015
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 17, 2019

Lyle W. Cayce
Clerk

DONALD WAYNE READ,

Plaintiff-Appellant

v.

E. HSU; BILL REESE; CHRISTINE E. MCKEEMAN,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:18-CV-662

Before BENAVIDES, GRAVES, and HO, Circuit Judges.

PER CURIAM:[*]

Donald Wayne Read, Texas prisoner # 1888548, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint alleging that the defendants wrongfully dismissed grievances that he had filed with the "Texas State Bar Association" against the attorneys involved in his prior criminal proceedings. The district court dismissed the complaint pursuant to 28 U.S.C. § 1915(e), determining that his request for compensation for his allegedly wrongful

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conviction failed to state a claim because it was barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); that he failed to state a claim for monetary relief against the defendants in their official capacities due to their Eleventh Amendment immunity; and that he did not have a federally protected constitutional right to have his grievances resolved to his satisfaction. In a subsequent "amended Final Judgment," which we construe as the denial of a Federal Rule of Civil Procedure 60(b) motion, the district court made a similar determination.

On appeal, Read notes that his complaint alleged that the Texas State Bar refused to compel its members to follow Texas Statutes and rules of professional conduct. He also asserts that the statute under which the district court dismissed his complaint violates his First Amendment right to petition the Government for grievances. Additionally, he asserts that prison authorities are obligated "to assist inmates in filing legal papers" and that if a federal judge were to "ironically" dismiss a citizen's complaint as frivolous, it would reflect on the constitutional right to equal protection. Finally, he states that the dismissal of his complaint as frivolous "is a[] bias[ed] method for the courts to exploit and oppress the poor citizens of our Nation" and is illegal and void.

Read does not provide any facts or arguments in support of these conclusory assertions, and none of these assertions addresses the district court's reasons for dismissing or denying his claims. When an appellant does not identify any error in the district court's analysis, it is the same as if the appellant had not appealed the judgment. *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Accordingly, any challenges to the district court's judgments dismissing the complaint and denying the construed Rule 60(b) motion are deemed abandoned, and Read's appeal is

18-51015

DISMISSED as frivolous.  *See id.*; 5th Cir. R. 42.2; *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983).

Read has already accumulated at least three strikes for purposes of 28 U.S.C. § 1915(g).  *See, e.g.*, *Read v. Collier*, No. 5:18-CF-191 (N.D. Tex. Jan. 14, 2019) (unpublished); *Read v. Naylor*, No. 4:18-CV-168 (N.D. Tex. Jan. 16, 2019) (unpublished); *Read v. LaCroix*, No. 4:18-CV-235 (N.D. Tex. Jan. 22, 2019) (unpublished).  As a result, the district court imposed the § 1915(g) "three-strikes bar" in a subsequent civil rights action filed by Read.  *See Read v. TDCJ Director*, No. 5:19-CV-106 (N.D. Tex. Aug. 23, 2019) (unpublished).  We have not applied the § 1915(g) bar here because Read filed this appeal before earning three strikes.  *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015); *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998).  We remind Read, however, that he is barred under § 1915(g) from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

APPEAL DISMISSED; SANCTION REMINDER ISSUED.