# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 15, 2021

Lyle W. Cayce
Clerk

No. 20-30777

Derlon K. Crain,

*Plaintiff—Appellant*,

*versus*

Tony Mancuso, *Sheriff, Calcasieu Parish Prison*; Warden Miller; Warden Burkhalter,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:19-CV-1033

Before Jones, Duncan, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Derlon K. Crain, Louisiana prisoner # 91405, moves to appeal in forma pauperis (IFP) from the dismissal of his civil rights complaint brought under 42 U.S.C. § 1983. The district court concluded that Crain was barred from proceeding IFP because he had at least three strikes under 28 U.S.C.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

§ 1915(g) and he had not established that he was under imminent danger of serious physical injury. Crain also moves for the appointment of counsel.

On appeal, Crain argues that the district court erred in assessing a strike for one of his prior cases. However, the two other cases cited by the district court resulted in a total of three strikes for Crain. *See Crain v. State Health & Hospital Dept.*, No. 16-30247 (5th Cir. Apr. 28, 2017) (stating that complaint was dismissed as frivolous and for failure to state a claim, and dismissing appeal as frivolous); *Crain v Sheriff's Office Calcasieu Parish*, No. 2:14-CV-692, (W.D. La. June 8, 2015) (dismissing complaint as frivolous and for failure to state a claim). In addition, we previously warned Crain that the dismissal of an appeal, along with the district court's dismissal of his complaint, meant that he had accumulated two strikes. *See Crain v. Foti*, No. 01-30397 (5th Cir. Oct. 26, 2001). Even without the strike he challenges, Crain has accrued at least five strikes and he is barred from appealing IFP unless he "is under imminent danger of serious physical injury." § 1915(g); *see Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998).

Crain also argues he is under imminent danger because he is infected with tuberculosis, which could be reactivated by exposure to other diseases, including COVID-19. His claims do not establish that he is under any imminent danger. The acts (or inaction) of the defendants that allegedly resulted in Crain's infection with tuberculosis, which are the subject of his complaint, occurred in Calcasieu Parish, where he is no longer incarcerated. In addition, Crain has not submitted any medical evidence confirming his diagnosis or in support of his medical assertions. Speculative and conclusory allegations are insufficient to make the showing required to avoid application of the three strikes bar under § 1915(g). *See Banos*, 144 F.3d at 884-85. Accordingly, Crain's motion for leave to proceed IFP on appeal is denied.

No. 20-30777

Because the facts surrounding the IFP decision are inextricably intertwined with the merits of the issue on appeal, whether the district court erred in finding that Crain should not be allowed to proceed IFP, his appeal also is dismissed. *See, e.g., Baugh v. Taylor*, 117 F.3d 197, 202 & n.24 (5th Cir. 1997); 5TH CIR. R. 42.2. We also deny Crain's motion for appointment of counsel.

Crain is reminded that he remains barred under § 1915(g) from proceeding IFP in any civil action or appeal filed in a court of the United States while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. Any pending or future frivolous or repetitive filings in this court or any court subject to this court's jurisdiction may subject him to additional sanctions, including monetary sanctions and limits on his access to this court and any court subject to this court's jurisdiction.

MOTIONS DENIED; APPEAL DISMISSED AS FRIVOLOUS; ADDITIONAL SANCTION WARNING ISSUED.