# United States Court of Appeals
# for the Fifth Circuit

No. 25-40524

United States Court of Appeals
Fifth Circuit

**FILED**

May 27, 2026

Lyle W. Cayce
Clerk

Michael Hilliard,

*Plaintiff—Appellant*,

*versus*

Security Stiles Unit; Safe Prisons/PREA; Mental
Health Psych Department,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:24-CV-330

Before Jones, Richman, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Michael Hilliard, Texas prisoner # 2326720, moves to appeal in forma pauperis (IFP) from the dismissal of his civil rights complaint and for appointment of counsel. As the district court determined, Hilliard received three strikes under 28 U.S.C. § 1915(g) before he filed his civil action.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-40524

A prisoner who is subject to the three-strikes bar of § 1915(g) may not bring a civil action or appeal a judgment in a civil action on an IFP basis unless he is "under imminent danger of serious physical injury." *See also Baños v. O'Guin*, 144 F.3d 883, 884-85 (5th Cir. 1998). Here, the district court determined that Hilliard could not proceed IFP because, by the time he filed his complaint, he had been transferred from the Stiles Unit, where the events underlying his claims allegedly occurred, and thus Hilliard could not establish that he was under imminent danger of serious physical injury.

In his IFP filings in this court, Hilliard continues to focus on events that allegedly occurred previously at the Stiles Unit, where he is no longer incarcerated. As Hilliard fails to establish that he is under imminent danger of serious physical injury, *see Baños*, 144 F.3d at 884-85; 28 U.S.C. § 1915(g), his motion for leave to proceed IFP is DENIED. Because the facts surrounding the IFP decision are inextricably intertwined with the merits of the issue on appeal, whether the district court erred in finding that Hilliard should not be allowed to proceed IFP, his appeal is DISMISSED AS FRIVOLOUS. *See Baugh v. Taylor*, 117 F.3d 197, 202 & n.24 (5th Cir. 1997); 5TH CIR. R. 42.2. Hilliard's motion for the appointment of counsel is DENIED.

Hilliard is reminded that he remains barred under § 1915(g) from proceeding IFP in any civil action or appeal filed in a court of the United States while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. He is WARNED that any pending or future frivolous or repetitive filings in this court or any court subject to this court's jurisdiction may subject him to additional sanctions, including monetary sanctions and limits on his access to this court and any court subject to this court's jurisdiction.