# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 29, 2011

No. 11-40550
Summary Calendar

Lyle W. Cayce
Clerk

JOHN CLOUD,

Plaintiff-Appellant

v.

KISHA STOTTS; JODY HEFNER; TRAVIS MORRIS,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:10-CV-650

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

John Cloud, Texas prisoner # 749521, moves for leave to proceed in forma pauperis (IFP) on appeal. The district court dismissed Cloud's civil rights complaint under the three-strikes provision of 28 U.S.C. § 1915(g), determining that Cloud had not made a showing that he was in imminent danger of serious physical injury, and certified that, for the same reasons, Cloud's appeal was not taken in good faith.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-40550

By his motion, Cloud is challenging the district court's certification. *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). This court's inquiry into a litigant's good faith "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). His assertion that § 1915(g) is unconstitutional because it seeks to chill a prisoner's access to the courts is without merit. *See Carson v. Johnson*, 112 F.3d 818, 821 (5th Cir. 1997).

Our review of the cases relied upon by the district court confirms that Cloud had at least three prior civil rights complaints or appeals dismissed as frivolous or for failure to state a claim and, thus, he has three "strikes." *See* § 1915(g); *see also Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996); *Cloud v. Webb*, 54 F. App'x 405 (5th Cir. 2002) (affirming dismissal as frivolous of civil rights complaint); *Cloud v. Webb*, 165 F.3d 23 (5th Cir. 1998) (dismissing as frivolous appeal following dismissal as frivolous of civil rights complaint).

Cloud does not provide any details of the confrontation with or threats made by another inmate allegedly at the behest of one of the defendants. Even with the benefit of liberal construction, Cloud's bare assertions that he has been threatened at unspecified dates in the past by inmates who have beaten other inmates at the direction of one of the defendants does not rise to the level of a showing that he was in "imminent danger of serious physical injury" when he filed his complaint. *See* § 1915(g); *see also Baños v. O'Guin*, 144 F.3d 883, 884-85 (5th Cir. 1998).

Because Cloud has failed to present a nonfrivolous issue regarding the district court's certification, his motion for leave to proceed IFP on appeal is DENIED. *See Howard*, 707 F.2d at 220. As the facts surrounding Cloud's motion to proceed IFP are inextricably intertwined with the merits of this appeal, the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2. Cloud is CAUTIONED that any future frivolous filings will subject him to sanctions.