# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 31, 2012

No. 11-40968
Summary Calendar

Lyle W. Cayce
Clerk

ALFRED LEE STONE,

Plaintiff-Appellant,

versus

WILLIAM T. JONES, Correctional Officer III;
JAMES BELL, Warden Eastham Unit;
FLOYD HICKS, Grievance Investigator Eastham Unit;
T.E. GOODIN, Grievance Investigator Eastham Unit;
JAMES A. SMITH, Medical Doctor Eastham Unit;
TEXAS UNIVERSITY MEDICAL BRANCH;
JAMES KITCHEN, Sergeant Eastham Unit;
JIMMY K. GARVIN, Sergeant Eastham Unit;
UNKNOWN JOHN DOES, Eastham Unit;
GREGORY H. OLIVER, Warden II Eastham Unit; TOVT P. BUTCHEN;
STEVE FURR, Captain Eastham Unit;
JAMES J. ENGLISH, Lieutenant Eastham Unit;
DEBBIE K. ERWIN, Warden III Eastham Unit,

Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Texas
No. 9:11-CV-123

No. 11-40968

Before DAVIS, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Alfred Stone, Texas prisoner #599665, moves for leave to proceed *in forma pauperis* ("IFP") on appeal of the dismissal of his action pursuant to 28 U.S.C. § 1915(g), with prejudice as to the filing of an IFP complaint but without prejudice as to the filing of a paid complaint. Stone cannot proceed IFP in any civil action or appeal "unless [he] is under imminent danger of serious physical injury." § 1915(g). He argues that his claim presents imminent danger of serious physical injury because a foreign substance was placed in his food, making him sick for several weeks and leaving him feeling cramped and achy.

The determination whether a prisoner is under "imminent danger" must be made at the time he seeks to sue in district court, when he files his notice of appeal, or when he moves for IFP status. *Banos v. O'Guin*, 144 F.3d 883, 884-85 (5th Cir. 1998). Thus, in this case, we analyze whether Stone was under imminent danger when he filed his appellate IFP motion. *See id.*

Stone's appellate pleadings suggest that he believes he was poisoned and that he may be suffering pain as a result. He uses the past tense when describing the sickness, cramping, and aching caused by the foreign substance in his food except when he says that he cannot tell whether his stomach, lungs, or kidneys are experiencing discomfort. It is not evident whether he is alleging that his discomfort occurred in the past or whether he might be experiencing residual effects from the alleged poisoning episode, which occurred several months ago.

Moreover, Stone does not allege that he has been poisoned since then; his claim of imminent danger thus is premised on allegedly inadequate medical care. Because there are no medical records or grievances in the record to corroborate

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

his allegations, he has failed to demonstrate that he was under imminent danger of serious physical injury when he filed his appellate IFP motion. *See id.* at 884-85.

The motion for leave to proceed IFP is DENIED, and the appeal is DISMISSED. The appeal may be reinstated if Stone pays the appeal fees within thirty days of this dismissal.