# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-30063

United States Court of Appeals
Fifth Circuit

**FILED**
August 5, 2019

Lyle W. Cayce
Clerk

MITCHELL STEVENS,

> Plaintiff-Appellant

v.

DARREL VANNOY, WARDEN, LOUISIANA STATE PENITENTIARY;
CHAD MANSINNI, Warden; TROY PORET, Warden; UNKNOWN DUPONT,
Warden; ORVILLE LAMARTIANEER, Warden; UNKNOWN CRUZ, Colonel;
UNKNOWN ROBINSON, Colonel; CHAD ORBRA, Lieutenant Colonel;
SHELTON SCALES, Major; WILLIAM ROSSO, Captain; MAGAN SHIPLEY,
Class. Officer; UNKNOWN FAIRCHILD, Class. Officer; UNKNOWN
BOUDROUX, Sec. Officer Staff Sergeant; UNKNOWN PIGEON, Lieutenant;
SHERWOOD PORET, Registered Nurse; MELANIE BARTON, Registered
Nurse; JAMES LABLANC, Sec.; ALL WHO ADMINISTER SHOTS SINCE
2002; AMY ZAUNBRACHER, Registered Nurse,

> Defendants-Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:14-CV-204

Before HIGGINBOTHAM, SOUTHWICK, and WILLETT, Circuit Judges.

PER CURIAM:*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 19-30063

Mitchell Stevens, Louisiana prisoner # 78189, moves this court to provide him authorization to proceed in forma pauperis (IFP) following the district court's order denying his Federal Rule of Civil Procedure 60(b) motion challenging the dismissal of his 42 U.S.C. § 1983 complaint. The district court certified that Stevens's appeal was not taken in good faith and denied his request to proceed IFP on appeal pursuant to the imminent danger exception of 28 U.S.C. § 1915(g).

Stevens is barred under the three-strikes provision in 28 U.S.C. § 1915(g) from proceeding in forma pauperis (IFP) in any civil action while incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. In asserting that he is under imminent danger of serious physical injury, Stevens argues that he suffers from physical injuries caused by tuberculosis testing that the defendants have forced him to undergo since 2002. Specifically, he contends that the testing has caused him to suffer periodic internal pains, his skin to peel and split, and his nails to turn black and deteriorate. He also surmises that the substance used in the testing is slowly causing the development of cancer. Stevens fails to support his conclusional allegations with any evidence that his alleged conditions exist or that they are caused by the tuberculosis testing. Thus, he has failed to show that he was in imminent danger of serious physical injury at the time that he filed his motion to proceed IFP. *See Baños v. O'Guin*, 144 F.3d 883, 884-85 (5th Cir. 1998); *Stone v. Jones*, 459 F. App'x 442, 442 (5th Cir. 2012); *Cloud v. Stotts*, 455 F. App'x 534, 535 (5th Cir. 2011).

Accordingly, Stevens's motion for leave to proceed IFP is DENIED. The facts surrounding the IFP decision are inextricably intertwined with the merits of the appeal. *See Baugh v. Taylor*, 117 F.3d 197, 202 & n.24 (5th Cir. 1997).

No. 19-30063

The appeal presents no nonfrivolous issues and is dismissed as frivolous. 5TH CIR. R. 42.2.

MOTION DENIED; APPEAL DISMISSED