# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 26, 2012

Lyle W. Cayce
Clerk

No. 11-20646
Summary Calendar

LARRY BUTLER,

Plaintiff-Appellant

v.

BETTY WILLIAMS, Medical Director,

Defendant-Appellee

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CV-2864

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Larry Butler, Texas prisoner # 1116378, moves for the appointment of counsel and leave to proceed in forma pauperis (IFP) on appeal from the district court's dismissal of his civil rights suit without prejudice pursuant to 28 U.S.C. § 1915(g).  Butler's complaint alleged that Betty Williams, the medical director of his prison unit, violated his constitutional rights through deliberate indifference to his serious medical need for shade lenses for his eyes.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-20646

A prisoner may not proceed IFP in a civil action or in an appeal of a judgment in a civil action if the prisoner has, on three or more prior occasions, while incarcerated, brought an action or appeal that was dismissed as frivolous, malicious, or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury. § 1915(g). Butler does not dispute that he has accumulated three strikes under § 1915(g) but challenges the application of § 1915(g) on the ground that it is impermissibly retroactive, restricts an indigent party's right of access to the courts, and violates his equal protection rights.

These arguments are unavailing. Butler's earliest strike was based on a May 31, 1996 district court decision, and we have held that § 1915(g) applies to cases that were pending on April 26, 1996, the date § 1915(g) became effective. *Adepegba v. Hammons*, 103 F.3d 383, 385-87 (5th Cir. 1996). We have also rejected the argument that the operation of the three-strikes bar of § 1915(g) violates a prisoner's right of access to the courts or equal protection rights. *Carson v. Johnson*, 112 F.3d 818, 821-22 (5th Cir. 1997).

Butler also contends that he meets the exception under § 1915(g) because he is in imminent danger of serious physical injury. Butler has received medical care regarding his vision, and there is no evidence of any medical recommendation for a shade pass for Butler at the time of this appeal. Accordingly, he has not made the requisite showing of imminent danger of serious physical injury. *See Baños v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998). Butler has also failed to show that his case presents exceptional circumstances warranting the appointment of counsel. *See Cooper v. Sheriff, Lubbock Cnty., Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991).

Accordingly, IT IS ORDERED that Butler's motions for leave to proceed IFP and appointment of counsel are DENIED, and the appeal is DISMISSED. The appeal may be reinstated if Butler pays the appeal fees within 30 days of this dismissal.