# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-10808
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 8, 2015

Lyle W. Cayce
Clerk

ROBERT DAVIS,

Plaintiff-Appellant

v.

WILLIAM STEPHENS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:14-CV-108

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:*

Robert Davis, Texas prisoner # 584003, moves for leave to proceed in forma pauperis (IFP) to appeal the district court's dismissal of his 42 U.S.C. § 1983 complaint pursuant to the three-strikes provision of 28 U.S.C. § 1915(g). Under § 1915(g), a prisoner may not proceed IFP in a civil action or in an appeal of a judgment in a civil action if he has, on three or more occasions during his

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

incarceration, brought an action or appeal that was dismissed as frivolous or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.  Davis has failed to demonstrate that he was under imminent danger of serious physical injury at the time that he sought to file his complaint in the district court, proceed with his appeal, or move to proceed IFP.  *See* § 1915(g); *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998).  His allegation that he might be seriously injured at an indefinite point in the future because he has been required to wear shoes that are the wrong size and are damaged is insufficient to establish that he was in imminent danger of serious physical injury at the relevant times.  *See* § 1915(g); *Banos*, 144 F.3d at 884-85.  Thus, Davis's motion for leave to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous.  *See* 5TH CIR. R. 42.2; *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).