# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10136

United States Court of Appeals
Fifth Circuit

**FILED**

November 30, 2015

Lyle W. Cayce
Clerk

EMMIT BRAGER,

Plaintiff-Appellant

v.

TEXAS BOARD OF PARDONS & PAROLES; CHAIRMAN-DIRECTOR, TEXAS BOARD OF PARDONS & PAROLES,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:15-CV-37

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM: *

Emmit Brager, Texas prisoner # 311725, has filed a motion to proceed in forma pauperis (IFP) on appeal from the district court's dismissal without prejudice of his 42 U.S.C. § 1983 complaint. The district court determined that Brager was barred from proceeding IFP in the district court because he had accumulated three strikes under 28 U.S.C. § 1915(g).

Under § 1915(g), a prisoner may not proceed IFP in an appeal of a judgment in a civil action if the prisoner has, on three or more prior occasions,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

while incarcerated, brought an action or appeal that was dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. § 1915(g). "[A] prisoner with three strikes is entitled to proceed with his action or appeal only if he is in imminent danger at the time that he seeks to file his suit in district court or seeks to proceed with his appeal or files a motion to proceed IFP." *Baños v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998).

Brager argues that the § 1915(g) bar should not apply because he is under imminent danger of serious physical injury.  He asserts that the defendants are causing, and will continue to cause, him serious mental and physical injury by failing to grant him a parole hearing to which he is entitled. He complains that he likely will die of old age before his parole hearing is granted.  Brager's vague and conclusional allegations simply are insufficient to show that he was in imminent danger of serious physical harm when he filed his complaint, appeal, or IFP motion.  *See* § 1915(g); *Baños*, 144 F.3d at 884. Accordingly, Brager's motion for leave to proceed IFP is denied.  For the same reason, Brager's appeal from the district court's dismissal of his suit without prejudice as barred under § 1915(g) is frivolous and is dismissed.  *See* 5TH CIR. R. 42.2; *Baugh v. Taylor*, 117 F.3d 197, 202 n.24 (5th Cir. 1997).

The dismissal of this appeal as frivolous counts as yet another strike under § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 385-87 (5th Cir. 1996).  Brager is reminded of the three-strikes bar and is cautioned that future frivolous or repetitive filings in this court or any court subject to this court's jurisdiction may subject him to additional sanctions.

IFP DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.