# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
November 21, 2017

Lyle W. Cayce
Clerk

No. 17-10265
Summary Calendar

ERIC FLORES,

Plaintiff-Appellant

v.

UNKNOWN TEXAS DEPARTMENT OF CRIMINAL JUSTICE OFFICIALS,

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:17-CV-20

Before PRADO, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Eric Flores, Texas prisoner # 2051801, moves this court for authorization to proceed in forma pauperis (IFP) following the district court's dismissal of his 42 U.S.C. § 1983 complaint. As Flores has raised only fanciful allegations, including claims that he has already been executed and that the defendants have used "mind controlling computers" to cause transport correctional officers to drive a prison bus into an oncoming train, he has failed to show that he

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10265

should be allowed to proceed IFP on appeal under 28 U.S.C. § 1915(g) or that his appeal of the district court's judgment presents a nonfrivolous issue. *See Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998); *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). Flores's motion for leave to proceed IFP is denied.

The facts surrounding the IFP decision are inextricably intertwined with the merits of the appeal. *See Baugh v. Taylor*, 117 F.3d 197, 202 & n.24 (5th Cir. 1997). The appeal presents no nonfrivolous issues and is dismissed as frivolous. *See* 5TH CIR. R. 42.2. On November 6, 2017, we imposed a monetary sanction in the amount of $100 and barred Flores from filing any pleading in this court or any court subject to this court's jurisdiction until that sanction was paid in full. *See Flores v. Moore*, No. 17-20103 (5th Cir. Nov. 6, 2017). Because the instant appeal was pending while the recent sanction was imposed, we will not impose an additional sanction in the instant case. Nevertheless, Flores is WARNED that any future frivolous, repetitive, or otherwise abusive filings will subject him to additional and progressively more severe sanctions. Flores is DIRECTED to review all pending matters and move to dismiss any that are frivolous, repetitive, or otherwise abusive.

IFP DENIED; APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.