# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

August 22, 2018

Lyle W. Cayce
Clerk

No. 18-10657

HARVEY LEROY SOSSAMON, III, also known as H. Leroy Sossamon, III, also known as H. L. Sossamon, III, also known as Michael Lois Foster, agent of Harvey L. Sossamon, III,

Plaintiff-Appellant

v.

JACKIE S. GREGORY, Nurse Practitioner, TDCJ/Robertson Unit; ROBERT O. MARTIN, Unit Physician, TDCJ Robertson Unit; TERI WILKE, Facility Health Administrator, TDCJ Robertson Unit; BLYTHE J. BRAXTON, Clerk II, Countroom, TDCJ Robertson Unit; ROBERT J. ALMANZA, JR., Major of Security, TDCJ Robertson Unit; EMILY JACOBS, Classification Chief, TDCJ/Robertson Unit; STEVE SPERRY, Senior Warden, TDCJ/Robertson Unit; JIMMY WEBB, Assistant Warden, TDCJ/Robertson Unit; MONTE GRIFFIN, Assistant Warden, TDCJ/Robertson Unit; JOSHUA B. BOYD, Major of Security, TDCJ/Robertson Unit; CLAYTON ARRENDALL, Captain of Security, TDCJ/Robertson Unit; CRYSTAL HUDSON, Captain of Security, TDCJ Robertson Unit; NICHOLAS W. PENICK, Food Service Manager-4, TDCJ/Robertson Unit; BEVERLY HARBOUR, Food Service Manager-3, TDCJ/Robertson Unit,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:18-CV-40

No. 18-10657

Before DENNIS, GRAVES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Harvey Leroy Sossamon, III, Texas prisoner # 1120297, moves this court for authorization to proceed in forma pauperis (IFP) following the district court's dismissal of his complaint asserting claims under 42 U.S.C. §§ 1983 and 12131 pursuant to the three-strikes provision of 28 U.S.C. § 1915(g). Sossamon does not dispute that he has three strikes. As a litigant subject to the § 1915(g) bar, Sossamon must show that he "is under imminent danger of serious physical injury" to proceed IFP. § 1915(g); *see Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). Sossamon must show also that he has a nonfrivolous issue. *See Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982).

Sossamon argues that the exception to the § 1915(g) bar should apply because he is under imminent danger of a serious physical injury. In support of this contention, he complains that he suffers from congestive heart failure, hypertension, diabetes, and stage-3 kidney disease and that, on December 6, 2017, he was not provided with a wheelchair-equipped van for transport to an outside medical appointment to have his pacemaker monitored. Requiring him to use a regular prison van, he believes, will put him at risk of serious physical injury or death.

Prison records filed by Sossamon reflect that his medical-transportation restrictions expired prior to the date of his medical appointment. Sossamon's disagreement with his medical care is not sufficient to show that he is in imminent danger for purposes of § 1915(g).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10657

Sossamon has failed to show that he should be allowed to proceed IFP on appeal under § 1915(g) or that his appeal of the district court's judgment presents a nonfrivolous issue. *See Baños v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998); *Carson*, 689 F.2d at 586. The motion for leave to proceed IFP is denied. The facts surrounding the IFP decision are inextricably intertwined with the merits of the appeal. *See Baugh v. Taylor*, 117 F.3d 197, 202 & n.24 (5th Cir. 1997). The appeal presents no nonfrivolous issue and is dismissed as frivolous. 5TH CIR. R. 42.2. Sossamon's motion for appointment of counsel is denied.

MOTION TO PROCEED IFP ON APPEAL DENIED; APPEAL DISMISSED; MOTION FOR APPOINTMENT OF COUNSEL DENIED.