# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-11327

United States Court of Appeals
Fifth Circuit

**FILED**

December 7, 2018

Lyle W. Cayce
Clerk

ALISHIA N. MORRIS-O'BRIEN,

Plaintiff–Appellant,

v.

JOSEPH BRIM,

Defendant–Appellee.

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 5:15-CV-209

Before OWEN, WILLETT, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

Alishia N. Morris-O'Brien moves to proceed in forma pauperis (IFP) from the denial of the "Motion to Redress" that she filed after the district court dismissed her pro se complaint as frivolous under the screening provisions of 28 U.S.C. § 1915(e)(2)(B).

As a threshold matter, Morris-O'Brien's notice of appeal was filed almost nine months after the district court's order denying her Motion to Redress. We must examine the basis of our jurisdiction, sua sponte if necessary. *Mosley v.*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-11327

*Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). Because Morris-O'Brien's appeal is untimely as to the order denying her Motion to Redress, we lack jurisdiction over it. *See Hamer v. Neighborhood Hous. Servs. of Chicago*, 138 S. Ct. 13, 16 (2017); *Bowles v. Russell*, 551 U.S. 205, 214 (2007); 28 U.S.C. § 2107(a).

Accordingly, Morris-O'Brien's motion for leave to proceed IFP on appeal is DENIED. Her appeal of the denial of her Motion to Redress is DISMISSED for lack of jurisdiction. *See Hamer*, 138 S. Ct. at 16. Her appeal of the denial of her motion to seal is DISMISSED because it is frivolous. Finally, her motions for punitive and exemplary damages and her motion to revoke the district court's order requiring her to obtain judicial pre-approval for future filings are DENIED.

As we recognized on September 10, 2018, Morris-O'Brien has accumulated at least three strikes for purposes of § 1915(g). *Morris v. Lubbock County Detention Center*, 737 F. App'x 213, 214 (5th Cir. 2018); *Morris v. Texas Boys Ranch*, 737 F. App'x 216, 217 (5th Cir. 2018); *Morris v. L.C.D.C.*, 737 F. App'x 218, 219 (5th Cir. 2018). We have not applied the § 1915(g) bar here because Morris-O'Brien filed this appeal before the bar was imposed. *See Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998) (per curiam). We reiterate, however, that Morris-O'Brien is barred under § 1915(g) from proceeding IFP in any civil action or appeal filed while she is incarcerated or detained in any facility unless she is under imminent danger or serious physical injury. *See* § 1915(g).