# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-60342

JUNNE KOH,

Plaintiff–Appellant,

v.

THOMAS KANE; WARDEN UNKNOWN BERKEBILE,

Defendants–Appellees.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:17-CV-39

Before OWEN, WILLETT, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

Junne Koh, federal prisoner # 44827-086, moves for leave to proceed in forma pauperis (IFP) in his appeal of the dismissal of his civil rights complaint. The district court found his suit frivolous and concluded that Koh had failed to state a claim upon which relief could be granted. By moving for IFP status, Koh is challenging the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); FED. R. APP. P. 24(a).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

United States Court of Appeals
Fifth Circuit

**FILED**

February 12, 2019

Lyle W. Cayce
Clerk

No. 18-60342

Before Koh filed this appeal, he had accumulated three 28 U.S.C. § 1915(g) strikes--one twenty-three years ago in *Adepegba v. Hammons*, 103 F.3d 383, 385-87 (5th Cir. 1996); one in *Koh v. Kane*, 5:17-cv-206, 23 (N.D. Tex. Jan. 17, 2018); and one in *Koh v. Faust*, 5:17-cv-27, 18 (S.D. Miss. Apr. 9, 2018). Also, while this latest appeal was pending, we dismissed in *Koh v. Kane* Koh's appeal as frivolous and barred him under § 1915(g) from proceeding IFP in any civil action or appeal while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *Koh v. Kane*, No. 18-10125 (5th Cir. Jan. 2, 2019).

Under § 1915(g), a prisoner may not proceed IFP in a civil action or in an appeal of a judgment in a civil action if the prisoner has, on three or more prior occasions, while incarcerated, brought an action or appeal that was dismissed as frivolous or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury. Koh has not alleged, nor does the record show, that he is in imminent danger of serious physical injury. Therefore, Koh has not shown that the imminent-danger exception to the § 1915(g) bar should be applied to this appeal. *See Banos v. O'Guin*, 144 F.3d 883, 884, 885 (5th Cir. 1998).

Even if Koh were to overcome the § 1915(g) bar, he must demonstrate both financial eligibility and a nonfrivolous issue for appeal. *See* FED. R. APP. P. 24(a); *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). Koh, despite being given an extension of time, has not submitted a certified copy of his inmate trust fund account. Moreover, his appellate brief misstates the basis for the district court's certification decision, and he has not raised a nonfrivolous issue for appeal. *See Carson v. Johnson*, 112 F.3d 818, 821 (5th Cir. 1997); *Baugh*, 117 F.3d at 202. Koh's motion for IFP is DENIED, and his appeal is DISMISSED.

No. 18-60342

Because Koh continues to file frivolous pleadings, and he has failed to heed our prior instruction that he dismiss any frivolous pending appeals, IT IS ORDERED that Koh pay a monetary sanction in the amount of $100 payable to the clerk of this court. Koh is BARRED from filing any pleading in the district court or in this court until the sanction is paid unless he first obtains leave of the court in which he seeks to file a pleading.

We again warn Koh that any future frivolous, repetitive, or otherwise abusive filings will invite the imposition of additional sanctions, which might include dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction. Koh should review any pending appeals and actions and move to dismiss any that are frivolous, repetitive, or otherwise abusive.