# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-60349

United States Court of Appeals
Fifth Circuit

**FILED**

March 19, 2019

Lyle W. Cayce
Clerk

JUNNE KOH,

Plaintiff–Appellant,

v.

MS. UNKNOWN FAUST, Case Manager; DIRECTOR THOMAS KANE,

Defendants–Appellees.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:17-CV-27

Before OWEN, WILLETT, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

Junne Koh, federal prisoner # 44827-086, moves this court for leave to proceed in forma pauperis (IFP) in his appeal of the dismissal as frivolous of his civil rights complaint. By moving for IFP status here, Koh is challenging the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); FED. R. APP. P. 24(a).

Before Koh filed the instant appeal, he had accumulated at least two 28 U.S.C. § 1915(g) strikes—one in *Koh v. Kane*, 5:17-cv-206 (N.D. Tex. Jan. 17,

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2018) and one in *Koh v. Kane,* 5:17-cv-39 (S.D. Miss. Apr. 23, 2018). He subsequently accumulated another § 1915(g) strike in *Koh v. Fox*, 5:18-cv-289 (W.D. Okla. July 31, 2018).  Further, while the instant appeal was pending, in *Koh v. Kane*, No. 18-10125, we dismissed Koh's appeal as frivolous and barred him under § 1915(g) from proceeding IFP in any civil action or appeal while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.

Under § 1915(g), a prisoner may not proceed IFP in a civil action or in an appeal of a judgment in a civil action if the prisoner has, on three or more prior occasions, while incarcerated, brought an action or appeal that was dismissed as frivolous or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury. Koh has not alleged, nor does the record show, that he is in imminent danger of serious physical injury. Therefore, Koh has not shown that the imminent-danger exception to the § 1915(g) bar should be applied to the instant appeal. *See Baños v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998) (per curiam).

Even if Koh were to overcome the § 1915(g) bar, he must demonstrate both financial eligibility and a nonfrivolous issue for appeal. *See* FED. R. APP. P. 24(a); *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). Koh's appellate brief misstates the basis for the district court's certification decision, and he has not raised a nonfrivolous issue for appeal. *See Carson v. Johnson*, 112 F.3d 818, 821 (5th Cir. 1997); *Baugh*, 117 F.3d at 202. Koh's motion for IFP is DENIED, and his appeal is DISMISSED.

In *Koh v. Kane*, No. 18-60342, we ordered Koh to pay a monetary sanction in the amount of $100 payable to the clerk of this court and barred him from filing any pleading in the district court or this court until the sanction is paid unless he first obtains leave of the court in which he seeks to file such

No. 18-60349

pleading. We remind Koh that he is BARRED from filing any pleading in the district court or this court until the sanction is paid unless he first obtains leave of the court in which he seeks to file such pleading.

We WARN Koh that any future frivolous, repetitive, or otherwise abusive filings would invite the imposition of additional sanctions, which might include dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction. Koh should review any pending appeals and actions and move to dismiss any that are frivolous, repetitive, or otherwise abusive.