# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

———————

No. 18-40558

———————

United States Court of Appeals
Fifth Circuit

**FILED**

May 15, 2019

Lyle W. Cayce
Clerk

ERNEST D. NEWMAN,

Plaintiff-Appellant,

v.

WARDEN HARRIS, Head Warden – Polunsky Unit; WARDEN LAMB, Assistant Warden – Polunsky Unit; M. NEUMAN, Captain, Shift Supervisor – Polunsky Unit; LIEUTENANT BEVERLY, Supervisor – Polunsky Unit; SERGEANT TOLLEY, 8 Building Sgt – Polunsky Unit,

Defendants-Appellees.

———————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:17-CV-108

———————

Before OWEN, WILLETT, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

Ernest D. Newman, Texas prisoner # 1892170, moves for leave to proceed in forma pauperis (IFP) in his appeal from the dismissal of his civil rights complaint. The district court dismissed Newman's complaint because Newman has accumulated at least three strikes under 28 U.S.C. § 1915(g) and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

is therefore barred from proceeding IFP unless he is under imminent danger of serious physical injury. *See id.* § 1915(g).[1]

Under § 1915(g), a prisoner may not proceed IFP in a civil action or in an appeal of a judgment in a civil action if the prisoner has, on three or more prior occasions, while incarcerated, brought an action or appeal that was dismissed as frivolous or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury. To determine whether Newman has satisfied the imminent-danger exception to § 1915(g), this court looks at whether he has shown that he was in imminent danger at the time he filed his complaint or notice of appeal IFP. *Baños v. O'Guin*, 144 F.3d 883, 884–85 (5th Cir. 1998).

Newman's argument that § 1915(g)'s imminent-danger requirement is not limited to bodily injury is contrary to the statute's plain meaning. His allegation that he has established imminent danger because he was physically harmed in the past is insufficient to overcome § 1915(g). *See Baños*, 144 F.3d at 884–85. His allegation that he is in ongoing imminent danger is conclusory. Therefore, Newman has not shown that the imminent-danger exception to the § 1915(g) bar should be applied to his current complaint. *See Baños*, 144 F.3d at 885. Accordingly, Newman's motion for leave to proceed IFP is DENIED and his appeal is DISMISSED as FRIVOLOUS. *See, e.g., Baugh v. Taylor*, 117 F.3d 197, 202 & n.24 (5th Cir. 1997); 5TH CIR. R. 42.2.

This is not the first time Newman has moved to proceed IFP as a sanctioned litigant and failed to demonstrate that he was in imminent danger of serious physical injury or that he would present a nonfrivolous issue for

---

[1] Newman received strikes in the following appeals: *Newman v. Brock*, No. 00-40959, (5th Cir. Feb. 14, 2001); *Newman v. Johns*, No. 00-41176, (5th Cir. Apr. 11, 2002); *Newman v. Woods*, No. 01-41359, (5th Cir. May 10, 2001).

No. 18-40558

appeal. *See Newman v. Exec. Director of the Tex. Dept. of Criminal J. et al.*, No. 14-20495 (5th Cir. April 29, 2016) (per curiam), *Newman v. Quarterman, et al.*, No. 08-20466 (5th Cir. Mar. 17, 2009). Because Newman continues to file frivolous pleadings, IT IS ORDERED that Newman pay a monetary sanction in the amount of $100 payable to the clerk of this court. Until this sanction is paid, Newman is BARRED from filing any pleading in this court or any court subject to its jurisdiction unless he first obtains leave of the court in which he seeks to file a pleading.

Further, Newman is WARNED that any future frivolous, repetitive, or otherwise abusive filings will invite the imposition of additional sanctions, which might include dismissal, further monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction. Newman should review any pending appeals and actions and move to dismiss any that are frivolous, repetitive, or otherwise abusive.