# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 20, 2020

Lyle W. Cayce
Clerk

No. 20-50291

ARDELL NELSON, JR.,

*Plaintiff—Appellant*,

*versus*

BOBBY LUMPKIN, *Director*, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION; DAVID
CRAIN, *Judge*; MARGARET MOORE, *District Attorney*,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:20-CV-222

---

Before JONES, COSTA, and WILSON, *Circuit Judges*.

PER CURIAM:*

Ardell Nelson, Jr., Texas prisoner # 482188, moves for leave to proceed in forma pauperis (IFP) to appeal the district court's dismissal without prejudice of his 42 U.S.C. § 1983 complaint pursuant to the three-

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-50291

strikes provision of 28 U.S.C. § 1915(g).  Under § 1915(g), a prisoner may not proceed IFP in a civil action or in an appeal of a judgment in a civil action if he has, on three or more occasions while incarcerated, brought an action or appeal that was dismissed as frivolous or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.  Nelson has failed to demonstrate that he was under imminent danger of serious physical injury at the time he sought to file his complaint in the district court or proceed with his appeal.  *See* § 1915(g); *Baños v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998).  His conclusional allegations regarding a 2017 inmate assault and his past exposure to illness are insufficient to establish that he was in imminent danger of serious physical injury at the relevant times.  *See* § 1915(g); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Baños*, 144 F.3d at 884-85.

Thus, Nelson's motion for leave to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous.  *See* 5TH CIR. R. 42.2; *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).