# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 30, 2021

Lyle W. Cayce
Clerk

No. 20-10749

Chief Michael S. Owl Feather-Gorbey,

*Plaintiff—Appellant*,

*versus*

Administrator Federal Bureau of Prisons Grand Prairie; Federal Bureau of Prisons United States,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:17-CV-26

Before Willett, Ho, and Duncan, *Circuit Judges*.

Per Curiam:*

Chief Michael S. Owl Feather-Gorbey, federal prisoner # 33405-013, moves this court for authorization to proceed in forma pauperis (IFP) following the district court's denial of his Federal Rule of Civil Procedure 60(b) motions challenging the dismissal without prejudice of his complaint

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

as barred by 28 U.S.C. § 1915(g). Feather-Gorbey has failed to show that he should be allowed to proceed IFP on appeal under § 1915(g). *See Baños v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998). Further, his argument that the district court violated his right of access to the courts lacks merit. *See Carson v. Johnson*, 112 F.3d 818, 821 (5th Cir. 1997). Accordingly, Feather-Gorbey's motion for leave to proceed IFP is DENIED. Further, because the facts surrounding the IFP decision are "inextricably intertwined" with the merits of the issues raised in Feather-Gorbey's Rule 60(b) motions, his appeal from the district court's denial of these motions is frivolous and is DISMISSED. *See* 5TH CIR. R. 42.2; *Baugh v. Taylor*, 117 F.3d 197, 202 & n.24 (5th Cir. 1997). Feather-Gorbey's motions for judicial notice are DENIED. *See* FED. R. EVID. 201(b). And in any event, to the extent that he seeks to supplement the record in support of his IFP motion, the new evidence that he has provided fails to show that he is in imminent danger as a result of the denial of medical care.

The dismissal of this appeal counts as a strike under § 1915(g). *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015). Feather-Gorbey is CAUTIONED that he has been barred previously and remains barred from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g). He is further CAUTIONED that frivolous, repetitive, or otherwise abusive filings will invite the imposition of additional sanctions, which may include dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction. To avoid sanctions, Feather-Gorbey should review any pending appeals and actions he may have pending and move to dismiss any frivolous ones.