# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 17, 2021

Lyle W. Cayce
Clerk

No. 20-10863

Michael S. Owl Feather-Gorbey,
*also known as* Michael S. Gorbey,

*Plaintiff—Appellant*,

*versus*

NFN NLN, *Administrator of Designations*;
NFN NLN, *Designation Staff*;
U.S. Attorney General, *United States*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
No. 3:20-CV-1311

Before King, Smith, and Willett, *Circuit Judges*.
Per Curiam:[*]

Michael Owl Feather-Gorbey, federal prisoner #3405-013, moves to proceed *in forma pauperis* ("IFP") following the dismissal of his complaint per 28 U.S.C. § 1915(g). Gorbey has failed to show that he should be allowed

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-10863

to proceed IFP on appeal under § 1915(g). *See Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998). Further, his theory that the district court violated his right of access to the courts lacks merit. *See Carson v. Johnson*, 112 F.3d 818, 821 (5th Cir. 1997).

Accordingly, Gorbey's motion for leave to proceed IFP is DENIED. Further, because the IFP decision is "inextricably intertwined" with the merits of the issue on appeal, his appeal from the dismissal is frivolous and is DISMISSED. *See* 5TH CIR. R. 42.2; *Baugh v. Taylor*, 117 F.3d 197, 202 & n.24 (5th Cir. 1997).

Gorbey's motion for judicial notice is also DENIED. *See* FED. R. EVID. 201(b). In any event, to the extent that he seeks to supplement the record in support of his IFP motion, the new evidence that he has submitted fails to make the requisite showing under § 1915(g).

The dismissal of this appeal counts as a strike under § 1915(g). *See Coleman v. Tollefson*, 575 U.S. 532, 537 (2015). Gorbey is CAUTIONED that he remains barred from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

In addition, we recently warned Gorbey that any future frivolous filings would subject him to additional sanctions; we directed him to review all pending matters and move to dismiss any that were frivolous, repetitive, or otherwise abusive. *See Feather-Gorbey v. Admin. Fed. Bureau of Prisons*, 841 F. App'x 724, 724–25 (5th Cir. 2021). Because Gorbey failed to heed this court's warning, IT IS ORDERED that Gorbey pay a monetary sanction of $100 payable to the Clerk of this court.

Gorbey is BARRED from filing, in this court or in any court subject to this court's jurisdiction, any pleading until the sanction is paid in full, unless he first obtains leave of the court in which he seeks to file such plead-

No. 20-10863

ing.  Gorbey is further CAUTIONED that any future frivolous or repetitive filings in this court, or any court subject to this court's jurisdiction, will subject him to additional sanctions.  He is again DIRECTED to review all pending matters and to move to dismiss any that are frivolous, repetitive, or otherwise abusive.