# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 9, 2021

Lyle W. Cayce
Clerk

No. 20-20381
Summary Calendar

Michael Cardora Roberson,

*Plaintiff—Appellant*,

*versus*

Joe Morgan, *Senior Practice Manager*; Angela Cooling, *Cluster Nurser Manager*; Tiffany Bowens, *Nurse*; Bridget E. Payne, *Correctional Officer*; Thomas H Butler, *Lieutenant*; Timothy C. Knott, *Sergeant*; Richard A. Gunnels, *Warden I*; Debra R. Booker, *Assistant Warden*,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CV-2028

---

Before Southwick, Graves, and Costa, *Circuit Judges*.

Per Curiam:*

---

\* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-20381

Michael Cardora Roberson, Texas prisoner # 2167695, has filed a motion for leave to proceed in forma pauperis (IFP) on appeal as a sanctioned litigant following the district court's dismissal pursuant to 28 U.S.C. § 1915(g) of his 42 U.S.C. § 1983 action. Roberson argues that he and his family face an imminent danger of serious bodily injury, that he should be allowed to amend his complaint, and that the mere invocation of an imminent danger claim is sufficient to qualify for the § 1915(g) exception. He also moves for the appointment of counsel. Roberson's speculative and conclusory allegations are insufficient to make the showing required to avoid application of the three strikes bar under § 1915(g). *See Baños v. O'Guin*, 144 F.3d 883, 884-85 (5th Cir. 1998).

Accordingly, Roberson's motion for leave to proceed IFP on appeal is DENIED. For the same reasons, his appeal from the district court's dismissal of his § 1983 complaint is frivolous and is DISMISSED. *See* 5TH CIR. R. 42.2; *Baugh v. Taylor*, 117 F.3d 197, 202 & n.24 (5th Cir. 1997). Roberson's motion for the appointment of counsel is also DENIED. Roberson is WARNED that frivolous, repetitive, or otherwise abusive filings will invite the imposition of other sanctions, which may include dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction. *See Coghlan v. Starkey*, 852 F.2d 806, 817 n.21 (5th Cir. 1988).