# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 29, 2022

Lyle W. Cayce
Clerk

No. 21-20593

Vernon King, Jr.,

*Plaintiff—Appellant*,

*versus*

Jeffery S. Richardson; Terry Bursoh, *Assistant Warden*; Tracy Hutto, *Assistant Warden*; Ms. Alla, *Mailroom Supervisor*,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:21-CV-2952

_____

Before Elrod, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Vernon King, Jr., Texas prisoner # 590316, moves for authorization to proceed in forma pauperis (IFP) after the dismissal of his 42 U.S.C. § 1983 complaint under 28 U.S.C. § 1915(g). King has failed to show that he should be allowed to proceed IFP on appeal under § 1915(g) or that his appeal of the

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

district court's judgment presents a nonfrivolous issue. *See Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998); *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). The motion for leave to proceed IFP is denied. King's motion to appoint counsel likewise is denied.

The facts surrounding the IFP decision are inextricably intertwined with the merits of the appeal. *See Baugh v. Taylor*, 117 F.3d 197, 202 & n.24 (5th Cir. 1997). The appeal presents no nonfrivolous issues and is dismissed as frivolous. *See* 5TH CIR. R. 42.2

The district court in which King filed his instant complaint previously sanctioned him $200 and barred him from filing further suits without first receiving permission from a judicial officer. *See King v. Carter*, No. 4:17-CV-832 (S.D. Tex. Nov. 13, 2017) (unpublished). There is no indication that King paid the sanction or received permission to file the instant complaint. In light of King's history, he is ordered to pay a sanction of $300 to the clerk of court, and he is barred from filing any pleading in this court or any court subject to this court's jurisdiction until the sanction is paid in full, unless he obtains leave of the court in which he seeks to file such pleading. King is warned that the filing of repetitive or frivolous pleadings in this court or any court subject to this court's jurisdiction could result in additional sanctions. He is directed to review all pending matters and to move to dismiss any that are frivolous, repetitive, or otherwise abusive.

MOTIONS DENIED; APPEAL DISMISSED AS FRIVOLOUS; SANCTION IMPOSED; SANCTION WARNING ISSUED.