# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 2, 2022

Lyle W. Cayce
Clerk

No. 20-20616
Summary Calendar

MICHAEL ANTHONY MOORE,

*Plaintiff—Appellant*,

*versus*

BRYAN COLLIER, *Individually and his Official Capacity as Executive Director of Texas Department of Justice*; DALE WAINWRIGHT, *Individually and his Official Capacity as Chairman of the Texas Board of Criminal Justice*; J. REED, *Individually and his Official Capacity as Captain for Eastham Unit for Texas Department of Justice*; C. FARRELL, *Individually and his Official Capacity as Captain for Eastham Unit for Texas Department of Justice*; B. COFFMAN, *Individually and his Official Capacity as Captain for Disciplinary for Eastham Unit for Texas Department of Justice*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CV-2777

Before SOUTHWICK, GRAVES, and COSTA, *Circuit Judges*.

Per Curiam:*

Michael Anthony Moore, Texas prisoner # 487939, moves for leave to appeal in forma pauperis (IFP) from the dismissal of his civil action as barred under 28 U.S.C. § 1915(g).

Moore asserts that he fears prison guards will assault him and that he will not receive adequate medical care. These speculative assertions do not allege, much less establish, that he faced imminent danger of serious physical injury at the time that he filed his complaint, appeal, or IFP motion. *See Baños v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998). Moore has not shown that he is entitled to proceed IFP on appeal. *See* § 1915(g); *Baños*, 144 F.3d at 884. He has likewise not shown that the district court erred by dismissing the complaint without prejudice based on the three strikes bar. *See Baños*, 144 F.3d at 885. Accordingly, Moore's IFP motion is DENIED, and the appeal is DISMISSED as frivolous. *See id.*; *Baugh*, 117 F.3d 202 n.24; 5th Cir. R. 42.2. Moore's motion for appointment of counsel is also DENIED.

Moore is again reminded that, because he has three strikes, he is barred from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g). He is also WARNED that any pending or future frivolous or repetitive filings in this court or any court subject to this court's jurisdiction will subject him to additional sanctions. *See Coghlan v. Starkey*, 852 F.2d 806, 817 n.21 (5th Cir. 1988).

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.