# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 26, 2022

Lyle W. Cayce
Clerk

No. 22-10072
Summary Calendar

JOE ANGEL ACOSTA, III, *also known as* JOSE ANGEL ACOSTA,

*Plaintiff—Appellant*,

*versus*

DOCTOR CHRISTINE O'CONNOR; DOCTOR NFN HO; T. WILLIAMS, *Nurse*; NFN WALLACE, *FNA*; D. CARRIZALES; PAUL BURCH, *PA*; CURRENT SENIOR WARDEN OF CLEMENTS UNIT; LORIE DAVIS, *Director, Texas Department of Criminal Justice, Correctional Institutions Division*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:19-CV-17

Before ELROD, GRAVES, and HO, *Circuit Judges*.

PER CURIAM:*

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

Joe Angel Acosta, III, Texas prisoner # 1844468, moves for leave to appeal in forma pauperis (IFP) from the dismissal of his civil action as barred under 28 U.S.C. § 1915(g).

Acosta asserts that deterioration of his vision from lack of treatment is a serious medical condition that puts him in imminent danger of physical harm and that because the defendants have refused to accommodate him under the Americans with Disabilities Act, he is at risk of further injury to his eyes should prison guards or other inmates throw chemical agents or foreign objects through the food slot to his cell. Acosta was housed in the Clements Unit when he filed his civil action, was housed in the Ferguson Unit when he filed his notice of appeal and the instant IFP motion, and is currently housed in the Estelle Unit. He has also received the cornea transplant he advocated for in his civil action.

To the extent that in this court Acosta has claimed imminent danger based on specific issues or conditions at a unit other than where he was housed when he sought to file his complaint in district court, sought to proceed with his appeal, or moved to proceed IFP, he cannot establish that he is under imminent danger of physical injury based on those issues. *See Baños v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998). To the extent that his allegation of imminent danger from not receiving treatment for his cornea involves a past event that does not implicate possible ongoing harm, he has not alleged an imminent danger of serious physical injury. *Id.* Moreover, to the extent that he has made conclusory and speculative assertions about his medical condition and conditions of confinement, he fails to allege, much less establish, that he faced imminent danger of serious physical injury at the time that he filed his complaint, appeal, or IFP motion. *Id.*

Consequently, Acosta has not shown that he is entitled to proceed IFP on appeal. *See* § 1915(g); *Baños*, 144 F.3d at 884. He has likewise not shown

that the district court erred by dismissing the complaint without prejudice based on the three strikes bar. *See Baños*, 144 F.3d at 885. Accordingly, Acosta's IFP motion is DENIED, and the appeal is DISMISSED as frivolous. *See id.*; *Baugh v. Taylor*, 117 F.3d 197, 202 n.24 (5th Cir. 1997); 5TH CIR. R. 42.2. Acosta's motion for appointment of counsel is also DENIED.

Acosta is again reminded that, because he has three strikes, he is barred from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g). He is also WARNED that any pending or future frivolous or repetitive filings in this court or any court subject to this court's jurisdiction will subject him to additional sanctions. *See Coghlan v. Starkey*, 852 F.2d 806, 817 n.21 (5th Cir. 1988).