# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 7, 2023

Lyle W. Cayce
Clerk

No. 22-40693
Summary Calendar

———————————

Jalil Rajaii Floyd,

*Plaintiff—Appellant*,

*versus*

Bobby Lumpkin, *Director, Texas Department of Criminal Justice, Correctional Institutions Division*; Bryan Collier, *Executive Director, Texas Department of Criminal Justice, Individual and official capacities*; Nicole Sandifer, *Individual and official capacities*; Vernon Mitchell, *Individual and official capacities*; K. Harbin, *Individual and official capacities*; Nina Tanner, *Individual and official capacities*; Timothy Fitzpatrick, *Chief of Classification*; Individual and official capacities; Lannette Linthicum, *Director UTMB Intake Mental Health*; Individual and official capacities; John Doe, (Poppoola); Jane Doe, (Eke),

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:22-CV-294

———————————————————————

Before Elrod, Graves, and Ho, *Circuit Judges*.

Per Curiam:[*]

Jalil Rajaii Floyd, Texas prisoner # 572644, moves for leave to appeal in forma pauperis (IFP) from the dismissal of his 42 U.S.C. § 1983 civil rights lawsuit as barred under 28 U.S.C. § 1915(g). Floyd asserts that Powledge Unit officials failed to protect him from violent assault, in violation of his Eighth Amendment rights, and he urges that he is under imminent danger of serious physical injury as he continues to be subject to unsafe conditions and possible violence due to the Powledge Unit's ongoing policies of failing to separate violent prisoners from elderly, nonviolent, disabled prisoners and failing to secure kitchen scrap metals.

As the district court determined, Floyd's allegations of past harm are insufficient to show imminent danger within the meaning of § 1915(g). *See Baños v. O'Guin*, 144 F.3d 883, 884-85 (5th Cir. 1998). His allegations of possible future violence are conclusional and speculative and fail to demonstrate the existence of a specific threat or a genuine impending emergency. They therefore fail to allege that he faced imminent danger of serious physical injury at the time that he filed his complaint, appeal, or IFP motion. *See id.*

Floyd has not shown that he is entitled to proceed IFP on appeal. *See* § 1915(g). He has also not shown that the district court erred by dismissing the complaint based on the three-strikes bar. *See Baños*, 144 F.3d at 885.

Accordingly, the IFP motion is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 & n.24 (5th Cir. 1997); 5th Cir. R. 42.2. Floyd's motion for the appointment of counsel is similarly DENIED. *See Ulmer v. Chancellor,* 691 F.2d 209, 212 (5th Cir. 1982).

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.