# United States Court of Appeals for the Fifth Circuit

---

No. 23-10041

---

United States Court of Appeals
Fifth Circuit

**FILED**

May 24, 2023

Lyle W. Cayce
Clerk

Lawrence Edward Thompson,

*Plaintiff—Appellant*,

*versus*

Allred Unit,

*Defendant—Appellee*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:22-CV-18

---

Before Stewart, Willett, and Douglas, *Circuit Judges*.
Per Curiam:[*]

Lawrence Edward Thompson, Texas prisoner # 408167, moves for leave to appeal in forma pauperis (IFP) from the denial of his Federal Rule of Civil Procedure 60(b)(6) motion filed after the dismissal of his civil action as barred under 28 U.S.C. § 1915(g). Thompson asserts that inadequate medical treatment for a bacterial infection places him in imminent danger of serious physical injury. His allegations regarding the bacterial infection

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-10041

constitute disagreements with his treatment and do not allege an imminent danger of serious physical injury. *See Baños v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998). Thompson has not shown that he is entitled to proceed IFP on appeal. *See* § 1915(g). He has also not shown that the district court erred by dismissing the complaint without prejudice based on the three-strikes bar. *See Baños*, 144 F.3d at 885.

Thompson's IFP motion is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 & n.24 (5th Cir. 1997); 5TH CIR. R. 42.2. Thompson's motion for preliminary injunction is likewise DENIED.

Thompson is reminded that, because he has three strikes, he is barred from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g). He is also WARNED that any pending or future frivolous or repetitive filings in this court or any court subject to this court's jurisdiction will subject him to additional sanctions. *See Coghlan v. Starkey*, 852 F.2d 806, 817 n.21 (5th Cir. 1988).