# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 9, 2023

Lyle W. Cayce
Clerk

No. 23-20257

Lawrence Edward Thompson,

*Plaintiff—Appellant*,

*versus*

Doctor Lanette Linthicum,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:23-CV-192

_____

Before Haynes, Willett, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Lawrence Edward Thompson, Texas prisoner #408167, seeks leave to appeal in forma pauperis (IFP) from (1) the dismissal of his 42 U.S.C. § 1983 complaint as barred under 28 U.S.C. § 1915(g), and (2) the denials of his Federal Rule of Civil Procedure 59(e) motions challenging that dismissal. Thompson does not address, and has therefore abandoned any challenge to, the finding that he is barred from proceeding under § 1915(g). *See Yohey v.*

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

*Collins*, 985 F.2d 222, 225 (5th Cir. 1993) (holding that pro se appellant must brief arguments to preserve them); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987) (observing that failure to identify any error in district court's analysis is same as if appellant had not appealed). Instead, Thompson asserts that he is in imminent danger of serious physical injury because he has not received adequate medical treatment for a bacterial infection.

We do not consider Thompson's contentions, made for the first time on appeal, regarding interactions that he allegedly had with medical personnel from July to August 2023. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir.1999). Thompson's allegations regarding the bacterial infection merely constitute disagreements with his medical treatment and do not allege an imminent danger of serious physical injury. *See Baños v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998).

Thompson has not shown that he is entitled to proceed IFP on appeal or that he raises a nonfrivolous issue regarding the dismissal of his complaint pursuant to the three-strikes bar of § 1915(g). *See* § 1915(g); *Baños*, 144 F.3d at 885. The IFP motion is DENIED, and, because the facts surrounding the IFP decision are inextricably intertwined with the merits of the appeal, the appeal is DISMISSED as frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 & n.24 (5th Cir. 1997); 5th Cir. R. 42.2.

We previously warned Thompson about the three-strikes bar of § 1915(g) and cautioned him that he could be subject to additional sanctions if he filed future frivolous or repetitive filings. *See Thompson v. Allred Unit*, No. 23-10041, 2023 WL 3617847, 1 (5th Cir. May 24, 2023); *Thompson v. Allred Unit*, No. 22-10641, 2022 WL 14461808, 1 (5th Cir. Oct. 25, 2022), *cert. denied*, 143 S. Ct. 2646 (2023). Because Thompson has not heeded those warnings, he is ORDERED to pay a sanction of $100 to the clerk of court,

No. 23-20257

and he is barred from filing any pleading in this court or any court subject to this court's jurisdiction until the sanction is paid in full, unless he obtains leave of the court in which he seeks to file such pleading. He is again reminded that, because he has three strikes, he is barred from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g). Thompson is also again WARNED that the filing of repetitive or frivolous pleadings in this court or any court subject to this court's jurisdiction could result in additional sanctions. He is directed to review all pending matters and move to dismiss any that are frivolous, repetitive, or otherwise abusive.