# United States Court of Appeals for the Fifth Circuit

_____

No. 24-50470
Summary Calendar
_____

United States Court of Appeals
Fifth Circuit

**FILED**

January 6, 2025

Lyle W. Cayce
Clerk

Jeremy Reese,

*Plaintiff—Appellant*,

*versus*

Annette Martinez, *Warden*; Jodi Sawyer; T. Matz; Teri Smith, R.M.; Autumn Gerfen; Hughes Unit Facility Health Administrator; JIT Medical Director; Care Provider; Supervisor; UTMB; TTUHS; CMHCC,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:24-CV-112

_____

Before Southwick, Willett, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Jeremy Reese, Texas prisoner # 2297627, moves for leave to appeal the district court's dismissal of his 42 U.S.C. § 1983 complaint pursuant to the three-strikes provision of 28 U.S.C. § 1915(g). Reese asserts that that he

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

is in imminent danger of serious physical injury because he is not receiving adequate treatment for an undiagnosed medical condition.  However, he fails to make the required showing of an imminent danger of serious physical injury.  *See Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998).  Accordingly, Reese has not shown that he is entitled to proceed IFP on appeal.  *See* 28 U.S.C. § 1915(g).

Based upon the foregoing, Reese's IFP motion is DENIED, and the appeal is DISMISSED as frivolous.  *See* 5TH CIR. R. 42.2.  Reese's motion for appointment of counsel is likewise DENIED.

Reese is reminded that, because he has three strikes, he is barred from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* 28 U.S.C. § 1915(g).  He is also WARNED that any pending or future frivolous or repetitive filings in this court or any court subject to this court's jurisdiction will subject him to additional sanctions.  *See Coghlan v. Starkey*, 852 F.2d 806, 817 n.21 (5th Cir. 1988).